United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

SLICKDEALS, LLC, and APPLE, INC.,

Defendants.

Case No. 25-cv-06187-JSC

**ORDER RE: APPLE'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Re: Dkt. Nos. 15, 18

Plaintiff Thomas Joseph Goddard, proceeding in forma pauperis without attorney representation, sues Slickdeals, LLC ("Slickdeals") and Apple Inc. ("Apple") for discrimination. (Dkt. No. 1.)[1] Pending before the Court are Apple's motion to dismiss Plaintiff's claims against it and Plaintiff's motion for leave to file a second amended complaint. (Dkt. Nos. 15, 18.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), GRANTS Apple's motion to dismiss, and DENIES Plaintiff's motion for leave to file a second amended complaint.

In sum, as a private complainant, Plaintiff cannot bring a 42 U.S.C. § 2000e-6 claim. As to his other Title VII claim, Plaintiff has not exhausted his administrative remedies, or plausibly alleged discrimination was a motivating factor for Apple's recission. Plaintiff similarly has not plausibly alleged Apple rescinded his job offer because of his race, as required for a 42 U.S.C. § 1981 claim. Plaintiff's Fair Credit Reporting Act claim fails without allegations Apple's decision was based on a "consumer report." In addition, Plaintiff does not allege facts plausibly supporting an unlawful, fraudulent, or unfair practice to state an Unfair Competition Law claim, or plead his

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

fraud claim with the specificity required under Federal Rule of Civil Procedure 9(b). Finally, as to Plaintiff's intentional infliction of emotional distress claim, he does not allege facts to infer Apple's conduct was outrageous.

**BACKGROUND**

**I. COMPLAINT ALLEGATIONS**[2]

Plaintiff, who is Jewish and white, and has multiple documented disabilities, lives in Walnut Creek, California. (Dkt. No. 1 ¶ 34.) Plaintiff alleges in September 2023, Apple extended him "a formal offer of employment as Senior Software Engineer for their Apple Vision Pro team following an extraordinarily rigorous selection process" with a "comprehensive compensation package totaling $1,050,000 in first-three-year compensation." (*Id.* ¶ 57.) However, on October 24, 2023, "Apple rescinded Plaintiff's accepted employment offer through a phone conversation with Senior Technical Recruiter John Moultrie." (*Id.* ¶ 71.) Mr. Moultrie "revealed that the entire Apple Vision Pro team was 'extremely frustrated' by the decision and specifically identified Mike Rockwell as the sole individual driving the recission decision." (*Id.*) Mike Rockwell was the Vice President of Apple's Vision Products Group and had "authority over hiring decisions for the Apple Vision Pro team." (*Id.* ¶ 42.) Plaintiff's "professional interactions with Mike Rockwell date back to 2005-2009 IRC (Internet Relay Chat) channels, where concerning statements were made," including "claim[ing] Nazi family connections and self-identif[ying] as an 'armchair-Nazi.'" (*Id.* ¶¶ 59, 68.) In addition, Apple's "recission occurred during the documented peak period of post-October 7 antisemitic workplace discrimination against Jewish professionals." (*Id.* ¶ 71.) So, Apple's "stated reason for recission—concerns about 'short tenure at previous companies'—was clearly pretextual given that Apple's entire interview team had already extensively reviewed Plaintiff's employment history during separate full-day interviews." (*Id.*) Instead, Apple's recission "was motivated by discriminatory animus." (*Id.* ¶ 72.)

Plaintiff also alleges Slickdeals discriminated against him. First, "[f]ollowing Plaintiff's

[2] Because Plaintiff never served Apple with his amended complaint, (Dkt. No. 7), Apple moves to dismiss Plaintiff's original complaint, and the Court relies upon the allegations in Plaintiff's original complaint (Dkt. No. 1).

purchase of Israeli support stickers on Amazon in October 2023, he experienced systematic shipping delays and service discrimination." (*Id.* ¶ 52.) Slickdeals is "one of Amazon's top affiliate marketing partners," and shares "comprehensive infrastructure for implementing sophisticated discrimination through data sharing capabilities enabled by executive relationships between Slickdeals and Amazon." (*Id.* ¶¶ 37, 55.) Second, Plaintiff was hired as a Lead Staff Mobile Engineer at Slickdeals in October 2023. (*Id.* ¶ 78.) In early 2024, Plaintiff discovered Slickdeals was "circumventing iOS privacy manifests and Apple's App Tracking Transparency (ATT) requirements." (*Id.* ¶ 79). After Plaintiff filed a whistleblower complaint with Apple, he experienced "a systematic pattern of stonewalling," "racial discrimination by Slickdeals' management and supervisors," antisemitism, religious discrimination, retaliation, and denial of ADA accommodations. (*Id.* ¶¶ 84, 85, 90, 96, 100, 107.) Slickdeals terminated his employment on July 15, 2024. (*Id.* ¶ 102.)

On March 18, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race, religion, and disability, and retaliation, and on May 8, 2025, the EEOC issued a Dismissal and Notice of Rights. (*Id.* ¶¶ 30, 31.)

## II. PROCEDURAL HISTORY

On July 23, 2025, Plaintiff sued Slickdeals and Apple. (Dkt. No. 1.)[3] Plaintiff asserted claims against Slickdeals for (1) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a); (2) race and religious discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a); (3) hostile work environment in violation of Title VII; (4) retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a); (5) disability discrimination in violation of the ADA, 42 U.S.C. § 12122(a); (6) failure to accommodate in violation of the ADA, 42 U.S.C. § 12112(b)(5)(A); (7) whistleblower retaliation in violation of Sarbanes-Oxley Act Section 806, 18 U.S.C. § 1514A; (8) race discrimination in violation of 42 U.S.C. § 1981; (9) conspiracy to violate

[3] Plaintiff has filed additional complaints in this district asserting discrimination claims against other defendants. *See, e.g.*, *Goddard v. NoMa Apartments et al.*, No. 25-cv-05882-EMC; *Goddard v. County of Contra Costa et al.*, No. 25-cv-02910-CRB.

civil rights in violation of 42 U.S.C. § 1985; (14) tortious interference with business relations; and (17) defamation. (*Id.* at 41-56, 59-60, 62-63.) Plaintiff also asserted claims against both Slickdeals and Apple for (10) pattern and practice of discrimination in violation of Title VII, 42 U.S.C. § 2000e-6; (15) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; (16) fraud; and (18) intentional infliction of emotional distress. (*Id.* at 56-57, 60-62, 63-64.) In addition, Plaintiff asserted claims against Apple for (11) race and religious discrimination in violation of Title VII; (12) race discrimination in violation of 42 U.S.C. § 1981; and (13) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (*Id.* at 57-59.)

The Court granted Plaintiff's motion to proceed in forma pauperis and ordered service of the complaint on Defendants. (Dkt. No. 6.) Plaintiff then unilaterally filed an amended complaint but did not serve Apple with that complaint. (Dkt. No. 7.) Apple moved to dismiss Plaintiff's initial complaint. (Dkt. No. 15.) Plaintiff then moved to file a second amended complaint. (Dkt. No. 18.)

## DISCUSSION

### I. JUDICIAL NOTICE

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "A court may, however, consider . . . matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may take judicial notice of facts "not subject to reasonable dispute" because they are "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "undisputed matters of public record, including documents on file in federal and state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted).

The Court GRANTS Apple's request for judicial notice of Plaintiff's state court complaint in *Thomas Goddard v. Slickdeals, Inc.*, Case No. CGC-25-623360, because it is a public record on file in California state court. (Dkt. No. 23 at 6-18.) Although the Court does not take judicial

notice of any disputed facts stated therein, the Court does take judicial notice of the existence of the allegations. *See Khoja*, 899 F.3d at 999 ("[A] court cannot take judicial notice of disputed facts contained in such public records."); *see also United States v. Pangang Grp. Co., Ltd.*, 6 F.4th 946, 959 (9th Cir. 2021) ("Although we do not take judicial notice of the truth of this earlier-submitted evidence concerning the Government's theory of PGC's corporate ownership, we can take judicial notice of the fact that the Government *asserted* such a theory.").

Because Plaintiff does not object, the Court also GRANTS Apple's request for judicial notice of the California Civil Rights Department's letter regarding records of Thomas Goddard and Apple. (Dkt. No. 23 at 4.) *See Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *see also Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 640594, at *2 (N.D. Cal. Feb. 27, 2007) (taking judicial notice of California agency's response to public records request).

## II. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). On a motion to dismiss, the court "must take all of the factual allegations in the complaint as true." *Id.* However, this presumption does not apply to "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* A court also "need not accept as true allegations that contradict matters properly subject to judicial notice, . . . [or] conclusory allegations which are contradicted by documents referred to in the complaint." *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (cleaned up). Ultimately, to avoid dismissal, a complaint must "contain sufficient factual matter" to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). When a plaintiff files a complaint without representation by a lawyer, the

Court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

Apple moves to dismiss all of Plaintiff's claims against it. The Court addresses Apple's arguments as they apply to each of Plaintiff's causes of action.

**A. Tenth Cause of Action: Pattern or Practice of Discrimination (Title VII)**

Title VII's Section 2000e-6 authorizes the Attorney General or the EEOC to bring a civil action when they "ha[ve] reasonable cause to believe that any person or group of persons is engaged in a pattern or practice" of discrimination. *See* 42 U.S.C. § 2000e-6(a) ("[T]he Attorney General may bring a civil action."); *id.* § 2000e-6(c) ("[T]he functions of the Attorney General under this section shall be transferred to the Commission."). Private individuals, however, are not authorized to bring civil actions under Section 2000e-6. *See EEOC v. Gen. Tel. Co. of Nw., Inc.*, 599 F.2d 322, 331 (9th Cir. 1979) (explaining Attorney General and EEOC may bring actions under 42 U.S.C. §§ 2000e-5 and 2000e-6, but individuals can only bring actions under 42 U.S.C. § 2000e-5), *aff'd sub nom.*, *Gen. Tel. Co. of Nw., Inc. v. EEOC*, 446 U.S. 318 (1980).

Plaintiff asserts a Section 2000e-6 claim against Apple and alleges its conduct "constitutes a pattern or practice of resistance to the full enjoyment of rights secured by Title VII, demonstrating that discrimination was the standard operating procedure rather than isolated incidents." (Dkt. No. 1 ¶ 206.) However, as a private individual, Plaintiff may not bring a civil action under § 2000e-6 of Title VII. Plaintiff argues "[f]ederal courts routinely allow private plaintiffs to present pattern evidence," but there is a difference between allowing private plaintiffs to assert a Section 2000e-6 claim and allowing them to present pattern evidence in support of another claim, and the cases Plaintiff cites do not support his argument. (Dkt. No. 26 at 13.) *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) ("The Plaintiff in a pattern-or-practice action is the Government."); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993) (evaluating liability standards for Age Discrimination in Employment Act of 1967).

So, Plaintiff's Tenth Cause of Action against Apple for violating 42 U.S.C. § 2000e-6 is dismissed without leave to amend.

United States District Court
Northern District of California

**B. Eleventh Cause of Action: Race and Religious Discrimination (Title VII)**

**1. Exhaustion**

Before bringing a Title VII claim, a plaintiff "must exhaust available administrative remedies by filing a charge with the EEOC or an equivalent state agency . . . and receiving a right-to-sue letter." *See Scott v. Gina Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)). The plaintiff must file the charge with the EEOC within 180 days after the allegedly unlawful employment practice occurred, or, if the charge is initially filed with a state agency, within 300 days after the allegedly unlawful employment practice or 30 days after notice the state agency has terminated its proceedings under state law, whichever is earlier. *See id.* at 1106 & n.2 (citing 42 U.S.C. § 2000e-5(e)(1)). "[A]fter exhausting administrative remedies, a claimant has 90 days to file a civil action." *Id.* at 1106 (citing 42 U.S.C. § 2000e-5(f)(1)).

Title VII's "charge-filing requirement" is not a jurisdictional requirement, but rather an affirmative defense the defendant must plead and prove. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550-52 (2019); *Kraus v. Presidio Tr. Facs. Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009). "[P]laintiffs ordinarily need not 'plead on the subject of an anticipated affirmative defense.' When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (citations omitted). So, a motion to dismiss based on a failure-to-exhaust defense should only be granted if "the defense is 'clearly indicated' and 'appear[s] on the face of the pleading.'" *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1045 (9th Cir. 2013) (citation omitted), *vacated on other grounds*, 573 U.S. 942 (2014).

"Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quotation marks and citation omitted), *abrogated on other grounds by Fort Bend Cnty, Tex.*, 587 U.S. 541. To determine whether a claim is exhausted by a charge, courts "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations

at which discrimination is alleged to have occurred." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).

Apple moves to dismiss Plaintiff's Title VII claim because Plaintiff did not timely file a charge with the EEOC and therefore did not exhaust his administrative remedies. Plaintiff alleges Apple unlawfully rescinded his offer of employment on October 24, 2023, and he filed a charge with the EEOC on March 18, 2025. (Dkt. No. 1 ¶¶ 71, 30.) Because based on Plaintiff's own allegations he filed his EEOC charge more than 180 days after Apple's allegedly unlawful employment action, Plaintiff did not timely exhaust his administrative remedies and cannot state a Title VII claim. *See* 42 U.S.C. § 2000e-5(e)(1).

Plaintiff's argument Apple committed a continuing violation because "the discriminatory pattern extended from October 24, 2023 (initial recission) through November 14, 2023 (written confirmation), bringing the entire hostile environment within the 300-day window," (Dkt. No. 26 at 12-13), is unpersuasive. First, Plaintiff's contention "[t]he November 14, 2023 written confirmation falls within 300 days of the March 18, 2025 EEOC filing" is incorrect. (Dkt. No. 26 at 14.) Second, Plaintiff's reliance on *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) is unavailing because unlike the *Morgan* plaintiff, who asserted hostile work environment claims which "cannot be said to occur on any particular day," Plaintiff alleges Apple took discrete discriminatory acts on particular days. *Id.* at 115. Furthermore, in *Morgan*, the Supreme Court still held "only incidents that took place within the timely filing period are actionable." *Id.* at 114. Plaintiff does not allege any Apple conduct within the timely filing period. Third, Plaintiff seeks to apply the 300-day limit because he filed a charge with the California Civil Rights Department ("CRD"), but his CRD charge only related to his claims against Slickdeals and so did not help exhaust his claims against Apple. (Dkt. No. 23 at 16-18.) *See Freeman*, 291 F.3d at 636 (explaining different "perpetrators of discrimination named in the charge" can help show charge did not exhaust a claim). Apple also presents a letter in which CRD states it has no record of Plaintiff making a charge against Apple. (Dkt. No. 23 at 4.)

Plaintiff also contends "Apple's fraudulent concealment of Mike Rockwell's antisemitic animus—including his self-identification as an 'armchair Nazi' with American Nazi Party family

connections—tolls the limitations period." (Dkt. No. 26 at 13.) "The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *See Aryeh v. Canon Bus. Sols.*, 55 Cal. 4th 1185, 1192 (2013). However, as explained below, in the discussion of Plaintiff's Sixteenth Cause of Action for fraud, Plaintiff has not plausibly alleged fraudulent concealment, so Plaintiff also has not plausibly alleged he is entitled to equitable tolling on that ground.

Plaintiff also asks to apply the delayed discovery rule. However, *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044 (9th Cir. 2008), upon which Plaintiff relies, held the delayed discovery exception applies to the moment a plaintiff discovers "the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong," i.e., the allegedly discriminatory motive. *Id.* at 1049-51. So, Plaintiff's argument he "could not have discovered the discriminatory basis until uncovering Rockwell's IRC communications (2005-2009) and connecting them to the October 7 temporal pattern" is unavailing. (Dkt. No. 26 at 13.)

Because Apple has proven Plaintiff has not exhausted his administrative remedies, Plaintiff cannot state a Title VII claim against Apple.

**2. Failure to State a Claim**

Even if Plaintiff had exhausted his administrative remedies, Plaintiff fails to state a Title VII claim. To state a Title VII discrimination claim, a plaintiff must allege "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *See Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006) (quotation marks and citation omitted). As to the fourth prong, a plaintiff must allege facts sufficient to demonstrate his protected status was a "motivating factor" for the defendant's adverse employment action. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003).

Plaintiff alleges he is a member of protected classes "based on his race (white) [and] religion (Jewish)," was "qualified for the Apple Vision Pro Senior Software Engineer position," and experienced an adverse employment action when Apple rescinded his job offer. (Dkt. No. 1

¶¶ 213-214.) Plaintiff, however, does not allege any "similarly situated individuals outside his protected class were treated more favorably" or facts which plausibly "give rise to an inference of discrimination." *See Berry*, 447 F.3d at 656. Plaintiff alleges Apple informed him it was rescinding his offer based on nondiscriminatory concerns about his "short tenure at previous companies," which undermines his allegations Apple rescinded the offer because of his race or religion. (Dkt. No. 1 ¶ 71.) *See Colombo v. Palo Alto Unified Sch. Dist.*, No. 24-CV-00909-NC, 2024 WL 6840045, at *8 (N.D. Cal. Dec. 13, 2024) (dismissing Title VII claim because allegations suggested "race and gender were in fact *not* motivating factors" for defendant's actions). Plaintiff's allegations regarding the "temporal proximity of the rescission to the October 7 attacks," Mr. Rockwell's "discriminatory statements" between 2005 and 2009, and Mr. Smith's outreach for recruitment in 2024 are insufficient to create a plausible inference Apple's stated reason was pretextual and, instead, Plaintiff's race or religion were motivating factors for Apple's recission. (Dkt. No. 1 ¶ 217.) Furthermore, Plaintiff's statistical evidence regarding ***other institutions'*** discrimination against individuals based on their being Jewish does not create a plausible inference ***Apple*** discriminated against ***Plaintiff*** because he was Jewish. (Dkt. No. 26 at 16-18.)

Because Apple has shown Plaintiff did not exhaust administrative remedies, and Plaintiff fails to state a claim against Apple for race and religious discrimination, Plaintiff's Eleventh Cause of Action is dismissed. The Court grants Plaintiff leave to amend his Title VII claim if he can plausibly allege he exhausted his administrative remedies by timely filing a charge with the EEOC.

**C. Twelfth Cause of Action: Race Discrimination (42 U.S.C. § 1981)**

Section 1981 prohibits discrimination in the making and enforcement of contracts on account of race. *See* 42 U.S.C. § 1981. To state a Section 1981 claim, a plaintiff must allege "(1) he is a member of a racial group, (2) some contractual right with defendant was impaired, (3) defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment." *See Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *Gen.*

*Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)). For a Section 1981 claim, "a plaintiff bears the burden of showing that race was a but-for cause of its injury." *Comcast Corp.*, 589 U.S. at 333; *see also Williams v. Tobener*, No. C 16-02209 SBA, 2016 WL 5235039, at *2 (N.D. Cal. Sept. 22, 2016) ("To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's actions." (cleaned up)).

Like his Title VII claim, Plaintiff's Section 1981 claim does not include facts supporting a plausible inference Apple rescinded his employment offer because of his race. *See also Baptiste v. LIDS*, 17 F. Supp. 3d 932, 943-44 (N.D. Cal. 2014) ("The same legal principles are applied to the analysis of § 1981 employment discrimination claims as to Title VII employment discrimination claims."). Plaintiff's Section 1981 claims are "implausible because the complaint identifies independent non-discriminatory reasons for the alleged [contractual] impairment," specifically, Apple's concerns about his short-term tenure at other jobs. *See Astre v. McQuaid*, 804 Fed. App'x 665, 667 (9th Cir. 2020) (cleaned up). Because Plaintiff has not plausibly alleged he would have been hired but-for Apple's discrimination, he has not stated a Section 1981 claim.

So, Plaintiff's Twelfth Cause of Action for Apple's violation of 42 U.S.C. § 1981 is dismissed with leave to amend.

**D. Thirteenth Cause of Action: Fair Credit Reporting Act (15 U.S.C. § 1681)**

Under the Fair Credit Reporting Act ("FCRA"), an employer must provide an employee or a job applicant with notice before and after it takes adverse action against them "based in whole or in part on" a consumer report. *See* 15 U.S.C § 1681b(b)(3); 15 U.S.C. § 1681m. The FCRA defines a "consumer report" as a "communication of any information by a consumer reporting agency." 15 U.S.C. § 1681a(d)(1).

Plaintiff alleges Apple violated the FCRA because it rescinded his employment offer based on "background check information" without providing FCRA notices. (Dkt. No. 1 ¶ 227.) Elsewhere in the complaint, Plaintiff alleges Apple rescinded his offer based on his "short tenure at previous companies," which was a pretext for discriminatory reasons. (*Id.* ¶ 71.) However,

United States District Court
Northern District of California

Plaintiff never alleges Apple acted based on a "consumer report" or information from a consumer reporting agency. Because the FCRA only requires notice for adverse actions "based in whole or in part" on information contained in a consumer report, Plaintiff does not state an FCRA claim against Apple. *See* 15 U.S.C. §§ 1681b(b)(3); 1681m; *see also Marchioli v. Pre-Employ.com, Inc.*, No. EDCV 16-2305-JGB (DTBx), 2017 WL 2130294, at *12 (C.D. Cal. Jan. 25, 2017) (dismissing plaintiff's claim for lacking factual allegations "to infer that the purported adverse employment action was taken 'based in whole or in part on' the credit report," or "that the information on which [] decision was based constitute[d] a 'consumer report'").

So, Plaintiff's Thirteenth Cause of Action against Apple for FCRA violations is dismissed with leave to amend.

**E. Fifteenth Cause of Action: California Unfair Competition Law (Cal. Bus & Prof. Code §§ 17200, et seq.)**

To state a claim under California's Unfair Competition Law, a plaintiff must allege the defendant engaged in an "unlawful, unfair, or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200. To allege an unlawful business act or practice, a plaintiff must allege a predicate violation of a separate law. *See Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." (quotation marks and citation omitted)). Plaintiff alleges "Defendants" violated "federal privacy laws through the FTM tracking domain masking scheme; securities laws through false reporting of user engagement metrics; Apple's App Store policies and developer agreements; federal employment discrimination laws; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and FTC Act Section 5 regarding deceptive practices." (Dkt. No. 1 ¶ 241.) Plaintiff does not clarify which of these laws Apple, as opposed to Slickdeals, violated. And although Plaintiff's opposition brief alleges Apple violated Title VII, 42 U.S.C. § 1981, the FCRA, and the California Fair Employment and Housing Act, as explained above, Plaintiff has not stated a claim against Apple for violating any of these laws. (Dkt. No. 26 at 23-24.) Because Plaintiff has not plausibly alleged Apple violated any predicate law, Plaintiff cannot state a UCL claim based on Apple's unlawful business practices.

To the extent Plaintiff's UCL claim is based on Apple's fraudulent business acts or practices, Plaintiff's UCL claim fails. As the Court explains in its discussion of Plaintiff's Sixteenth Cause of Action, Plaintiff has not stated a claim for fraud. *See Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009) ("Although fraud is not an essential element of a claim under § 17200, allegations of fraudulent conduct must nevertheless satisfy the heightened pleading requirements of Rule 9(b).").

Plaintiff also alleges "Defendants' practices are unfair because they offend established public policy regarding privacy, securities fraud, and other employment discrimination, and the harm caused greatly outweighs any benefits." (Dkt. No. 1 ¶ 243.) However, "[a] plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiff's complaint does not state any facts supporting Apple's unfair practices or explaining the actions Apple took and why those actions were unfair. Furthermore, Plaintiff's brief argues "[c]oncealing a Nazi-sympathizing executive's role in employment decisions while publicly representing equal opportunity employment violates fundamental public policy." (Dkt. No. 26 at 24.) However, *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), upon which Plaintiff relies, specifically rejected Plaintiff's argument violations of "fundamental public policy" are sufficient to state a UCL claim for unfair business practices. *See id.* at 184-85, 187 (holding "courts may not apply purely subjective notions of fairness" or rely on "[v]ague references to 'public policy'" and must instead identify "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition").

So, Plaintiff's Fifteenth Cause of Action against Apple for UCL violations is dismissed with leave to amend.

**F. Sixteenth Cause of Action: Fraud**

To state a fraud claim, a plaintiff must allege "(a) misrepresentation; (b) defendant's knowledge of the statement's falsity; (c) intent to defraud (i.e., to induce action in reliance on the

misrepresentation); (d) justifiable reliance; and (e) resulting damage." *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1184 (1993). In addition, "[t]o comply with [Federal Rule of Civil Procedure] 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted). To meet the Rule 9(b) standard, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (cleaned up).

Plaintiff's only allegation of fraud plausibly related to Apple is: "Defendants made material misrepresentations and omissions regarding . . . their non-discriminatory employment practices." (Dkt. No. 1 ¶ 247.) Because Plaintiff does not include facts supporting his conclusory allegations "Defendants knew the representations were false when made" and "intended for Plaintiff . . . to rely on these misrepresentations," he has not sufficiently pled each element of a fraud claim. (*Id.* ¶¶ 249-250.) Furthermore, Plaintiff's fraud claim does not comply with Federal Rule of Civil Procedure 9(b) because he does not identify Apple's allegedly false or misleading statement about "their non-discriminatory employment practices," or explain why the statement is false. (*Id.* ¶ 247.) *See Cafasso, U.S.*, 637 F.3d at 1055. Plaintiff's opposition brief includes additional factual allegations, but such allegations must be in the complaint itself. (Dkt. No. 26 at 25.)

So, Plaintiff's Sixteenth Cause of Action against Apple for fraud is dismissed with leave to amend.

### G. Eighteenth Cause of Action: Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED"), plaintiff must allege: (1) the defendant's extreme and outrageous conduct; (2) defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001

(1993). To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quotation marks and citation omitted).

Plaintiff's conclusory allegations "Defendants' conduct was extreme and outrageous and exceeded the bounds of conduct usually tolerated in a civilized society" is insufficient to state an IIED claim. (Dkt. No. 1 ¶ 262.) *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff alleges Apple rescinded his employment offer for discriminatory reasons, but he does not state facts to create a plausible inference Apple's actions were outrageous. Furthermore, "pleading of personnel management activity is insufficient to support" an IIED claim, "even if improper motivation is alleged," because "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996); *see also Ali v. Intel Corp.*, No. 18-CV-03981-LHK, 2019 WL 1369926, at *7 (N.D. Cal. Mar. 26, 2019) (holding plaintiff could not state an IIED claim based on Intel's decision not to hire him), *aff'd*, 797 F. App'x 325 (9th Cir. 2020).

So, Plaintiff's Eighteenth Cause of Action against Apple for intentional infliction of emotional distress is dismissed with leave to amend.

## III. MISJOINDER OF CLAIMS

The Court also dismisses Plaintiff's claims against Slickdeals without prejudice to Plaintiff's pursuit of those claims in a separate lawsuit. Under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both prongs must be satisfied. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). The Court may raise the misjoinder issue sua sponte. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); *see also L.B. v. LinkedIn*, No. 5:24-CV-06832-EJD, 2025 WL 2899514, at *3 (N.D. Cal.

Oct. 10, 2025) ("District courts have broad discretion in determining whether to order severance under Rule 21." (quotation marks and citation omitted)). Because the complaint's allegations conclusively establish Plaintiff's claims against Slickdeals do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as his claims against Apple, or present "question[s] of law or fact common to" Apple and Slickdeals, the Court dismisses these claims. *See* Fed. R. Civ. P. 20(a)(2). Factually, Plaintiff's claims against Apple arise from Apple's October 24, 2023 rescission of a job offer, but his claims against Slickdeals arise from retaliation and discrimination he faced while a Slickdeals employee from October 2023 to July 2024. Plaintiff also asserts 11 causes of action against Slickdeals but not Apple, and the four causes of action he asserts against both Apple and Slickdeals do not arise from the same facts. If Plaintiff wishes to pursue his claims against Slickdeals, he must file those claims in a separate complaint.

## IV. MOTION TO FILE SECOND AMENDED COMPLAINT

The Court also DENIES Plaintiff's motion for leave to file a second amended complaint. (Dkt. No. 18.) Because Plaintiff's proposed second amended complaint repeats several of the flaws identified in this Order, leave to file the complaint would be futile. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (explaining district court has discretion to deny leave to amend due to "futility of amendment"). And, in any event, the Court has granted plaintiff leave to file a first amended complaint consistent with this Order.

## CONCLUSION

For the reasons stated above, the Court GRANTS Apple's motion to dismiss. The dismissal as to Plaintiff's Tenth Cause of Action under 42 U.S.C. § 2000e-6 is without leave to amend. Plaintiff is granted leave to amend his Eleventh Cause of Action under Title VII only if he can in good faith allege exhaustion of his administrative remedies consistent with the law as set forth in this Order. Plaintiff is granted leave to amend the other claims he alleges ***against Apple*** in his complaint, but Plaintiff may not add new defendants or claims not in the original complaint without first seeking additional leave of court. Further, Plaintiff is cautioned that his amended complaint should be stated in a reasonable number of pages. *See* Fed. R. Civ. P. 8(a)(2) ("A

United States District Court
Northern District of California

pleading that states a claim for relief must contain . . . a ***short and plain statement*** of the claim showing that the pleader is entitled to relief.").

Plaintiff's deadline to file an amended complaint against Apple is **November 21, 2025**. If Plaintiff does not file an amended complaint by that date, judgment will be entered in Apple's favor on all claims. Any claims against Slickdeals must be set forth in a separate complaint.

Finally, as Plaintiff is proceeding without counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

This Order disposes of Docket Nos. 15 and 18.

**IT IS SO ORDERED.**

Dated: October 21, 2025

JACQUELINE SCOTT CORLEY
United States District Judge