1  Todd K. Boyer, State Bar No. 203132
   tboyer@boyerwenter.com
2  Billie D. Wenter, State Bar No. 235193
   bwenter@boyerwenter.com
3  BOYER WENTER LLP
   1585 North 4th Street, Suite N
4  San Jose, CA 95112
   Telephone: +1 669-296-0323
5

6  Attorney for Defendant
   APPLE, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 | THOMAS JOSEPH GODDARD, an individual, | Case No. 3:25-cv-06187 JSC
11 |           Plaintiff,                   | **DEFENDANT APPLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11 TO STRIKE PLAINTIFF'S UNAUTHORIZED, REPETITIVE, AND OVERSIZED FILINGS**
12 |     v.                                 |
13 | SLICKDEALS, LLC., and APPLE INC.,      |
14 |           Defendants.                  |
15 |                                        | Complaint Filed: July 23, 2025

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION AND BACKGROUND

Since initiating this case in October 2025, Plaintiff Thomas Goddard ("Goddard") has filed at least eleven different complaints with varying labels, some with accompanying motions for leave to amend and separately filed exhibits. (*See* Dkt. Nos. 1, 7, 42, 57, 61, 64, 71-72, 78, 79-1, 80-1, 81-1, 82, and 87-1). On February 9, 2026, the Court gave Plaintiff leave to amend but ordered that "any proposed amended complaint must be stated in a reasonable number of pages . . . ." On February 13, 2026, Goddard filed 12,682 pages of material that appear to include four different complaints and two motions for leave to amend. One of the complaints is labeled "First Amended Complaint," yet Goddard is well beyond the stage of submitting his first amended complaint. All complaints are thousands of pages, and none of the amended pleadings has contained redlining or highlighting in accordance with the Court's standing order, and the labels, as well as the number of submissions, make it impossible for Defendant Apple Inc. ("Apple") to discern the operative documents and/or amended pleading(s) it should consider when responding. Then, on February 18, 2026, Goddard filed four documents with the same title, totaling 236 pages, that appear to raise discovery issues prematurely before Goddard has even served discovery requests. After receiving Apple's meet and confer communication related to the relief sought in this motion, Goddard responded on February 22, 2026, by filing Docket Number 87: "Second Amended Notice of Motion & Motion for Leave to File Third Amended Complaint (Second Amended Version) with Motion to Strike Dkt. Nos. 78-80."

Goddard's recent complaint filings violate the Court's February 9, 2026, order and the Local Rules, and his repetitive filing of oversized documents impedes the orderly administration of this case while needlessly driving up costs and wasting resources. While it appears Goddard may agree to strike Docket Nos. 78-80, he does not address the prematurely filed discovery motions, and his most recent filing continues to violate the Court's February 9 Order and the Local Rules.

Accordingly, for these reasons, the Court should strike Docket Nos. 78, 81, 87, and 87-1 and order Plaintiff to 1) file an operative complaint containing only the three causes of action remaining against Apple, 2) file only one motion for leave to amend that complies with the Local Rule's page constraints and a proposed amended pleading that highlights or redlines new information, and 3) expressly limit the number of pages for any proposed amended complaint. The Court should also

Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

1                                                                 Case No. 3:25-cv-06187 JSC
ADMINISTRATIVE MOTION FOR RELIEF TO STRIKE PLAINTIFF'S UNAUTHORIZED, REPETITIVE, AND OVERSIZED FILINGS

strike Docket Nos. 83 to 86, because they violate Local Rule 7-2(b) and are premature.

## II.  LEGAL STANDARD

Civil Local Rule 7-11 permits parties to seek administrative relief when a matter requires the Court's intervention outside of standard noticed motions.

## III.  ARGUMENT

The Court should exercise its inherent authority to strike Docket Numbers 78 to 81 and 83 to 87 because Plaintiff's filings violate the Court's February 9 Order and/or Local Rule 7-2(b).  The Court possesses inherent authority to control its docket, including the "power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Plaintiff's serial, unauthorized filings have created substantial and unnecessary confusion regarding what pleading is operative, whether prior pleadings have been superseded, and when—if at all—a response is due.  Apple has been required to expend resources deciphering which document controls, assessing whether filings comply with the Federal Rules and this Court's orders, and determining whether responsive deadlines have been triggered or reset. Plaintiff's conduct unnecessarily increases the cost of defending this case, attorney time from substantive defense preparation, and forces Apple to repeatedly monitor and analyze procedurally improper submissions.

Plaintiff's pro se status is not an excuse to disregard governing court orders, rules, and procedures. *See Lyu v. Mayorkas*, No. 24-CV-00533-PHK, 2024 WL 2886049, at *1 (N.D. Cal. May 22, 2024) (citing authority for proposition that "pro se litigants must follow the same rules of procedure" (internal quotation and citation omitted)).  The uncertainty Plaintiff's filings create impairs orderly case management, risks duplicative motion practice, and threatens piecemeal litigation, and Apple should not be forced to respond to a moving target crated by Plaintiff's repeated noncompliance.  Accordingly, striking the above-referenced filings is appropriate under Local Rule 7-11.  *See, e.g.*, *Jara v. Aurora Loan Servs.*, No. C 11-00419 LB, 2011 WL 13391751, at *2 (N.D. Cal. Aug. 24, 2011) (striking amended complaint that plaintiff neither had consent nor leave to file).

## IV.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant this administrative

2     Case No. 3:25-cv-06187 JSC
ADMINISTRATIVE MOTION FOR RELIEF TO STRIKE PLAINTIFF'S UNAUTHORIZED, REPETITIVE, AND OVERSIZED FILINGS

Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

motion and enter an order that requires Plaintiff to file an operative complaint containing only three causes of action and only one motion for leave to amend that complies with the Local Rules and the Court's February 9 Order, sets a reasonable page limit for any subsequently filed proposed complaints, and requires Plaintiff to pursue discovery through traditional means under the Federal Rules of Civil Procedure before filing discovery motions.

Dated:  February 23, 2026                                    BOYER WENTER LLP


                                                             By: /s/ Billie D. Wenter
                                                                 Billie D. Wenter
                                                                 Attorneys for Defendant

Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

3                                            Case No. 3:25-cv-06187 JSC
ADMINISTRATIVE MOTION FOR RELIEF TO STRIKE PLAINTIFF'S UNAUTHORIZED, REPETITIVE, AND OVERSIZED FILINGS

**Declaration of Billie D. Wenter**

I, Billie D. Wenter, declare as follows:

1. I am Partner at the law firm of Boyer Wenter LLP, counsel of record for Defendant, Apple Inc. I am duly licensed to practice law in the State of California. I make this declaration in support of Apple's Motion for Administrative Relief Pursuant to Local Rule 7-11 to Strike Plaintiff's Unauthorized, Repetitive, and Oversized Filings. Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify as follows.

2. On February 23, 2026, I emailed Plaintiff to confer regarding Apple's intent to file Motion for Administrative Relief. Plaintiff responded to my email with a link to Docket Number 87, which is another amended notice of motion for leave to file a third amended complaint (called a "Second Amended Version"), along with another complaint, totaling 3,608 pages. Thus, Goddard's filing still does not comply with the Court's February 9, 2026, Order or the Civil Local Rules, including the requirement that any proposed amended complaint be stated in a reasonable number of pages. Apple believes court intervention is necessary. A true and correct copy of the email exchange with Plaintiff is attached as **Exhibit A**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 23, 2026, in Walnut Creek, California.

*/s/ Bill*
_____
Billie D. Wenter

Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

4     Case No. 3:25-cv-06187 JSC
ADMINISTRATIVE MOTION FOR RELIEF TO STRIKE PLAINTIFF'S UNAUTHORIZED, REPETITIVE, AND OVERSIZED FILINGS

# EXHIBIT A

Monday, February 23, 2026 at 3:11:21 PM Pacific Standard Time

**Subject:** Re: Motion to Strike
**Date:** Monday, February 23, 2026 at 12:49:04 AM Pacific Standard Time
**From:** thomas@goddard.app
**To:** Billie D. Wenter
**CC:** Lindsay Franco
**Priority:** High

Attachment available until Mar 25, 2026

Dear Agent Wenter:

Please see your points addressed in the attached filing.

Thank you,

Thomas Joseph Goddard
(415) 985-5539
thomas@lawz.app

Click to Download
goddard-v-apple-nm-tac-filed.pdf
51.8 MB

> On Feb 22, 2026, at 4:34 PM, Billie D. Wenter <bwenter@boyerwenter.com> wrote:
>
> Mr. Goddard,
>
> I wanted to confer with you regarding whether you are willing to take the following actions to help avoid burdensome, costly, and confusing filings that unnecessarily hinder efficient case management. There are multiple versions of filings, so we cannot tell which document to respond to, and they violate the Court's February 9 Order and/or the Local Rules. Therefore, we request that you:
>
> - File a request to withdraw Docket Nos. 78 to 81
> - File an operative complaint containing only the three causes of action

remaining against Apple (based on the court's February 9 order)
- File only one motion for leave to amend that complies with the Local Rule's page constraints and a proposed amended pleading that highlights or redlines new information and is no more than 100 pages
- Withdraw Docket Nos. 83 to 86, because they violate Local Rule 7-2(b) and are premature.  Please serve discovery in the normal course under the Federal Rules, and Apple will respond to it.  There is no need for a motion at this stage.

Please let me know if you'll do the following, so we can avoid an administrative motion to strike.


**BOYER WENTER LLP**

Billie D. Wenter / Partner

1585 North 4th St., Suite N
San Jose, CA 95112
O: 669 296 0327
M: 925 448 0413
<image001.png>
www.boyerwenter.com

**CONFIDENTIAL COMMUNICATION**
This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.


**BOYER WENTER LLP**

Billie D. Wenter  |  Partner

1585 N. 4th St., Suite N
San Jose, CA 95112
O: 669.296.0327
M: 925.448.0413

2 of 3



www.boyerwenter.com

**CONFIDENTIAL COMMUNICATION**

This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.