1  TODD K. BOYER, STATE BAR NO. 203132
   tboyer@boyerwenter.com
2  BILLIE D. WENTER, STATE BAR NO. 235193
   bwenter@boyerwenter.com
3  SARAH E. BRAUER, STATE BAR NO. 330786
   sbrauer@boyerwenter.com
4  BOYER WENTER LLP
   1585 N. 4th Street, Suite N
5  San Jose, California 95112
   Telephone: +1 669-296-0323
6
7  Attorneys for Defendant
   APPLE INC.

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  THOMAS JOSEPH GODDARD, AN           Case No.  3:25-cv-06187
    INDIVIDUAL
12                                      **DEFENDANT APPLE INC.'S ANSWER TO**
                   Plaintiff,           **PLAINTIFF'S SECOND AMENDED**
13                                      **COMPLAINT**
            v.
14                                      Trial Date:
    SLICKDEALS, LLC., AND APPLE INC.    Complaint Filed:  July 23, 2025
15
                   Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Apple Inc. ("Apple") hereby answers the Second Amended Complaint ("SAC") (Dkt. No. 42) filed by Plaintiff Thomas Joseph Goddard ("Plaintiff"). Apple responds to each numbered paragraph of the SAC as set forth below. To the extent any allegation is not specifically admitted or denied below, it is denied. Apple denies all liability and denies that Plaintiff is entitled to any relief.

## I.    RESPONSES TO ALLEGATIONS

### A.    INTRODUCTION (Paragraphs 1–5)

1.    Paragraph 1 contains legal conclusions, argument, and characterizations of Plaintiff's claims to which no response is required. To the extent it contains factual allegations, Apple denies them.

2.    Paragraph 2 contains legal conclusions and characterizations of Supreme Court precedent to which no response is required. To the extent it contains factual allegations, Apple denies them.

3.    Paragraph 3 contains legal conclusions and statistical characterizations to which no response is required. To the extent it contains factual allegations, Apple denies them.

4.    Paragraph 4 and all subparts contain legal conclusions regarding the continuing violation doctrine to which no response is required. To the extent they contain factual allegations, Apple denies them.

5.    Paragraph 5 contains legal conclusions regarding jurisdiction. Apple admits that this Court has subject matter jurisdiction over the surviving federal claims and that venue is proper in the Northern District of California.

### B.    PARTIES & JURISDICTION (Paragraphs 6–19)

6.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 6 and all subparts, and on that basis denies them.

7.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 7, and on that basis denies them.

8.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 8 and all subparts, and on that basis denies them.

9.    Responding to paragraph 9, Apple admits that it is a California corporation with its principal

place of business at One Apple Park Way, Cupertino, California 95014; that Apple employed more than 15 employees "at all relevant times" as defined in the SAC; and that Apple is a publicly traded company on NASDAQ.  Apple denies the remaining allegations.

9a.    Responding to paragraph 9a, Apple admits that it maintains business operations in California and that its headquarters are within the Northern District of California at all relevant times as defined in the SAC.  Apple denies the remaining allegations.

9b.  Responding to paragraph 9b, Apple admits that Mike Rockwell served as a Vice President during part of the relevant time as defined in the SAC.  Apple denies the remaining allegations of paragraph 9b.

10.   Apple denies the allegations in paragraph 10.

11.   Paragraph 11 is directed to the Court and requests accommodations.  No response by Apple is required.

12.   Apple admits that this Court has subject matter jurisdiction over the surviving federal claims.  Apple denies the remaining allegations in paragraph 12 and all subparts.

13.   Paragraph 13 and subpart 13a contain legal conclusions regarding ADA precedent to which no response is required.

14.   Apple admits that venue is proper in this district.  Apple denies the remaining allegations in paragraph 14 and all subparts.

15.   Paragraph 15 contains statements regarding intradistrict assignment and legal conclusions to which no response is required.

16.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 16, and on that basis denies them.

17.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 17, and on that basis denies them.

18.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 18 and all subparts, and on that basis denies them.

19.   Apple denies the allegations in paragraph 19.

**C.    SYSTEMATIC CURTAILMENT (Paragraphs 20–22i)**

20.    Apple denies the allegations in paragraph 20 and all subparts.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

21.    Apple denies the allegations in paragraph 21 and all subparts.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

22.    Apple denies the allegations in paragraph 22 and all subparts.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

22a.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 22a, and on that basis denies them.

**D.    FACTUAL ALLEGATIONS (Paragraphs 23–46)**

**1.    October 7 Catalyst and Statistical Evidence (Paragraphs 23–27)**

23.    Apple denies the allegations in paragraph 23 and all subparts.  Apple lacks sufficient information and belief regarding the statistical analyses described, and on that basis denies them.

24.    Apple denies the allegations in paragraph 24.

25.    Apple denies the allegations in paragraph 25 and all subparts.  Apple lacks sufficient information and belief regarding the statistical methodologies described, and on that basis denies them.

26.    Apple denies the allegations in paragraph 26.

27.    Apple denies the allegations in paragraph 27.

**2.    Corporate Conspiracy Allegations (Paragraphs 28–32)**

28.    Apple denies the allegations in paragraph 28 and all subparts.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

29.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 29, and on that basis denies them.

30.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraph

BOYER WENTER LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

Case No 3:25-cv-06187

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS SECOND AMENDED COMPLAINT

30, and on that basis denies them.

31.   Apple denies the allegations in paragraph 31.

32.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 32, and on that basis denies them.

### 3.    Apple Employment Allegations (Paragraphs 33–46)

33.   Responding to paragraph 33 and subparts 33a and 33b, Apple admits that Plaintiff submitted an application for a Senior Software Engineer position related to Apple Vision Pro and that Plaintiff participated in interviews as part of Apple's candidate evaluation process.  Apple admits that Mr. Moultrie communicated a proposed offer and compensation package to Plaintiff that was subject to approval by the team's Director and Senior Director.  Apple denies that an offer of employment was extended to Plaintiff.  Apple denies all remaining allegations.

34.   Apple denies the allegations in paragraph 34 and all subparts.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

35.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 35, and on that basis denies them.

36.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 36 and all subparts, and on that basis denies them.

37.   Apple denies the allegations in paragraph 37.  Apple lacks sufficient information and belief regarding allegations concerning third-party conduct, and on that basis denies them.

38.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 38 and all subparts, and on that basis denies them.

39.   Apple lacks sufficient information and belief to admit or deny the allegations in paragraph 39 and all subparts, and on that basis denies them.

40.   Responding to paragraph 40, Apple admits that a recruiter communicated to Plaintiff a proposed offer and compensation package that the hiring team was advocating for approval through Apple's required approval process.  The proposed offer was not approved by the Senior Director of the team.  Apple admits that on or about October 24, 2023, Plaintiff was informed that Apple would

not be extending an offer of employment.  Apple denies the remaining allegations.

40a.   Apple denies the allegations in paragraph 40a.

40b.   Apple denies the allegations in paragraph 40b.

40c.   Apple denies the allegations in paragraph 40c.

40d.   Apple denies the allegations in paragraph 40d.

41.   Apple denies the allegations in paragraph 41.

42.   Apple denies the allegations in paragraph 42.

43.   Apple denies the allegations in paragraph 43.

44.   Apple denies the allegations in paragraph 44.

45.   Apple denies the allegations in paragraph 45.

46.   Apple denies the allegations in paragraph 46.

**E.     Slickdeals Employment Allegations (Paragraphs 47–108)**

47–68.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraphs 47 through 68 and all subparts, and on that basis denies them.

69–78.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraphs 69 through 78 and all subparts, and on that basis denies them.

79–92.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraphs 79 through 92 and all subparts, and on that basis denies them.

93–98.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraphs 93 through 98 and all subparts, and on that basis denies them.

99–108.    Apple lacks sufficient information and belief to admit or deny the allegations in paragraphs 99 through 108 and all subparts, and on that basis denies them.

**F.     TWELFTH CAUSE OF ACTION — Race Discrimination, 42 U.S.C. § 1981 (Paragraphs 109–115)**

109.   Responding to paragraph 109 and all subparts, Apple admits that Plaintiff participated in an interview process.  Apple denies the remaining allegations.

110.   Apple denies the allegations in paragraph 110 and all subparts.

111.   Apple denies the allegations in paragraph 111 and all subparts.

1    112.    Apple denies the allegations in paragraph 112 and all subparts.

2    113.    Apple denies the allegations in paragraph 113 and all subparts.

3    114.    Apple denies the allegations in paragraph 114 and all subparts.

4    115.    Apple denies the allegations in paragraph 115 and all subparts.

5    **G.    THIRTEENTH CAUSE OF ACTION — Fair Credit Reporting Act**
6    **(Paragraphs 116–117)**

7    116.    Apple denies the allegations in paragraph 116 and all subparts.

8    117.    Apple denies the allegations in paragraph 117 and all subparts.

9    **H.    DISMISSED CLAIMS — Fourteenth and Fifteenth Causes of Action**
10    **(Paragraphs 118–123)**

11    118–123.    Apple denies the allegations in paragraphs 118 through 123 and all subparts.  Apple

12    lacks sufficient information and belief regarding allegations directed at Slickdeals, and on that basis

13    denies them.

14    **I.    SIXTEENTH CAUSE OF ACTION — Fraud (Paragraphs 124–126)**

15    124.    Apple denies the allegations in paragraph 124 and all subparts.  Apple lacks sufficient

16    information and belief regarding allegations concerning Slickdeals, and on that basis denies them.

17    125.    Apple denies the allegations in paragraph 125 and all subparts.  Apple lacks sufficient

18    information and belief regarding Plaintiff's medical conditions, and on that basis denies them.

19    126.    Apple denies the allegations in paragraph 126 and all subparts.  Apple lacks sufficient

20    information and belief regarding the criminal proceedings described therein, and on that basis denies

21    them.

22    **J.    DISMISSED CLAIMS — Seventeenth and Eighteenth Causes of Action**
23    **(Paragraphs 127–131)**

24    127–131.    Apple denies the allegations in paragraphs 127 through 131 and all subparts.  Apple

25    lacks sufficient information and belief regarding allegations directed at Slickdeals, and on that basis

26    denies them.

27    **K.    DAMAGES AND PRAYER FOR RELIEF (Paragraphs 132–159)**

28    132.    Apple denies the allegations in paragraph 132 and all subparts.

133.   Apple denies the allegations in paragraph 133 and all subparts.

134.   Apple denies the allegations in paragraph 134 and all subparts.

135.   Apple denies the allegations in paragraph 135.

136–148.   Apple denies the allegations in paragraphs 136 through 148 and all subparts.

149.   Apple denies the allegations in paragraph 149.

150–151.   Apple denies the allegations in paragraphs 150 through 151 and all subparts.

152.   Apple denies the allegations in paragraph 152.

153.   Apple denies paragraph 153.

154–159.   Apple denies the allegations in paragraphs 154 through 159.

General.    Apple denies each and every allegation in the SAC not specifically admitted or otherwise responded to above.

## AFFIRMATIVE DEFENSES

Apple asserts the following affirmative defenses without assuming the burden of proof on any issue for which it does not bear the burden, and without waiving any defenses, objections, or arguments.  Apple expressly reserves the right to amend, supplement, or withdraw any defense, and to assert additional defenses as may become available through discovery or otherwise.

### FIRST DEFENSE:

### Failure to State a Claim

The SAC fails to state a claim upon which relief may be granted against Apple.

### SECOND DEFENSE:

### Legitimate, Non-Discriminatory Reason (§ 1981)

Apple's decision not to extend an offer of employment to Plaintiff was based on legitimate, non-discriminatory business reasons and was not influenced by any discriminatory animus or consideration of Plaintiff's race.

### THIRD DEFENSE:

### FCRA Inapplicability

Apple's decision not to extend an offer to Plaintiff was not based in whole or in part on information contained in a "consumer report" as defined by 15 U.S.C. §1681a(d).  The employment

history information that informed Apple's decision was derived exclusively from Plaintiff's own application materials, including his resume and responses to application questions, and not from any consumer reporting agency as defined by 15 U.S.C. §1681a(f).  Because no consumer report was obtained or used, and because no adverse action was taken "based in whole or in part on" information in a consumer report, the pre-adverse-action notice requirements of 15 U.S.C. §1681b(b)(3) were not triggered, and Apple had no obligation to provide such notice.

### FOURTH DEFENSE:

**Truth as Defense to Fraud**

To the extent Plaintiff alleges fraud, the communications at issue were truthful and accurate, and Apple lacked the requisite intent to deceive or knowledge of falsity required to establish fraud under California law.

### FIFTH DEFENSE:

**Economic Loss Rule (Fraud)**

Plaintiff's fraud claim is barred or limited by the economic loss rule to the extent it seeks recovery for the same economic losses arising from the same transaction that underlies Plaintiff's claims under 42 U.S.C. § 1981.

### SIXTH DEFENSE:

**Failure to Mitigate Damages / Avoidable Consequences**

Plaintiff failed to take reasonable steps to mitigate his alleged damages.  Specifically, to the extent Plaintiff seeks back pay or front pay, he was obligated to use reasonable diligence to find substantially equivalent employment and failed to do so.  Any damages award must be reduced by the amounts Plaintiff could have earned through reasonable efforts.

### SEVENTH DEFENSE:

**After-Acquired Evidence**

To the extent discovery reveals that Plaintiff engaged in misconduct or made material misrepresentations in connection with his application for employment, Apple's liability, if any, and Plaintiff's recoverable damages are limited under the after-acquired evidence doctrine.

///

**EIGHTH DEFENSE:**

**Statute of Limitations — 42 U.S.C. § 1981**

Plaintiff's Twelfth Cause of Action under 42 U.S.C. § 1981 is subject to a four-year statute of limitations under 28 U.S.C. § 1658(a).  To the extent any of Plaintiff's § 1981 claims are based on conduct occurring more than four years before the filing of the original complaint, such claims are time-barred.

**NINTH DEFENSE:**

**Statute of Limitations — FCRA**

Plaintiff's Thirteenth Cause of Action under the Fair Credit Reporting Act is subject to the limitations period set forth in 15 U.S.C. § 1681p, which requires that an action be brought not later than the earlier of two years after the date of discovery of the violation or five years after the date on which the violation occurred.  To the extent any of Plaintiff's FCRA claims fall outside this limitations period, they are time-barred.

**TENTH DEFENSE:**

**Statute of Limitations — Fraud**

Plaintiff's Sixteenth Cause of Action for fraud is subject to a three-year statute of limitations under California Code of Civil Procedure § 338(d), running from the date of discovery of the facts constituting the fraud. To the extent Plaintiff knew or should have known of the facts underlying his fraud claim more than three years before the filing of the original complaint, such claim is time-barred.

**ELEVENTH DEFENSE:**

**No Standing for Injunctive or Equitable Relief**

Plaintiff lacks standing to pursue injunctive relief, declaratory relief, court-supervised reform, criminal referrals, or any other equitable remedy against Apple. Under Article III of the United States Constitution and California standing principles, a plaintiff seeking prospective relief must demonstrate a real and immediate threat of repeated injury.

**TWELFTH DEFENSE:**

**Offset / Interim Earnings**

To the extent Plaintiff seeks damages for lost wages or lost earnings, such damages, if any,

must be reduced by amounts earned or that Plaintiff could have earned with reasonable diligence from other employment during the relevant period.

### THIRTEENTH DEFENSE:

#### No Punitive Damages

Apple's conduct does not rise to the level of malice, oppression, or fraud required for an award of punitive damages under California Civil Code § 3294. The decision regarding Plaintiff's application was a routine business judgment by a decision-maker with no discriminatory animus. Punitive damages are unavailable under 42 U.S.C. § 1981 absent a showing of intentional discrimination, which Plaintiff has not adequately alleged and cannot establish.

### FOURTEENTH DEFENSE:

#### Reservation of Rights

Apple reserves the right to amend this Answer to assert additional affirmative defenses as may become apparent through discovery and further investigation of the facts and applicable law.

Dated: March 3, 2026

_____
TODD K. BOYER
BOYER WENTER LLP
Attorneys for Defendant
APPLE INC