Todd K. Boyer, State Bar No. 203132
tboyer@boyerwenter.com
Billie D. Wenter, State Bar No. 235193
bwenter@boyerwenter.com
BOYER WENTER LLP
1585 North 4th Street, Suite N
San Jose, CA 95112
Telephone: +1 669-296-0323

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SLICKDEALS, LLC., and APPLE INC.,<br><br>Defendants. | Case No. 3:25-cv-06187 JSC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY & PRESERVATION ORDER (DKT. 86)**<br><br>Complaint Filed: July 23, 2025 |

## I. INTRODUCTION

Plaintiff Thomas Goddard ("Goddard" or "Plaintiff") filed four different motions for discovery without having served any discovery on Defendant Apple Inc. ("Apple"). Apple responds to the fourth motion (Dkt. 86) after Goddard would not withdraw it. Consistent with Goddard's other submissions, the motion violates Local Rule 7-2's page constraints. On the merits, the motion is procedurally improper and premature. In addition, Goddard has filed at least eleven complaints in this matter – all thousands of pages – and his most recent motion for leave to amend seeks to add eleven causes of action. Because Goddard seeks overbroad discovery before the parties conference under Federal Rule of Civil Procedure 26(f) and any attempt to serve discovery requests, and the pleadings remain unsettled, the Court should deny Plaintiff's motion and order him to comply with the Federal Rules of Civil Procedure and the Court's Local Rules.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action on July 23, 2025, based on Apple's alleged unlawful failure to hire him after an Apple recruiter proposed an offer Apple subsequently did not extend. Dkt. 1. This lawsuit is one of 16 cases Goddard has pending in the Northern District of California and his first of two against Apple. Dkt. 90. Since filing his initial complaint, Goddard has filed approximately 55 documents, including approximately eleven complaints (Dkt. Nos. 1, 7, 42, 57, 61, 64, 71-72, 78, 79-1, 80-1, 81-1, 82, and 87-1). The operative complaint is Goddard's "Second Amended Complaint," Dkt. 42, and there are three causes of action that remain against Apple following Apple's motions to dismiss: 1) Twelfth Cause of Action: Race Discrimination (42 U.S.C. § 1981), 2) Thirteenth Cause of Action: Fair Credit Reporting Act (15 U.S.C. § 1681), and 3) Sixteenth Cause of Action: Fraud. Since the Court's February 9, 2026, ruling on Apple's second motion to dismiss, Goddard filed multiple motions to amend the complaint, with proposed amended complaints (all exceeding 3,000 pages), and four motions for an order on discovery involving at least 19 entities and 16 individuals. *See* Dkt. Nos. 78, 79, 80, 83, 84, 85, 86, & 87.

The Initial Case Management Conference is set for April 1, 2026. Dkt. 75. The last day for the parties to confer on discovery under Federal Rule of Civil Procedure 26(f) is March 11, 2026. *See* Fed. R. Civ. Proc. 26(f)(1) (requiring parties to confer at least 21 days before a scheduling conference).



Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

The parties have not yet held their Rule 26(f) conference.

## III. ARGUMENT

Goddard's most recent, oversized discovery motion is premature and is an improper attempt to circumvent the Federal Rules of Civil Procedure and the Local Rules. Discovery cannot begin before the Rule 26(f) conference, and Goddard has not even served early Federal Rule of Civil Procedure 34 document requests under Federal Rule of Civil Procedure 26(d)(2). Rule 26(d)(1) provides, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Rule 26(f) conference is a prerequisite to discovery and must occur at least twenty-one days before the Court's Rule 16 scheduling conference or before a scheduling order is due. The parties' deadline to confer has not passed, and Apple is in the process of scheduling the conference. Until that conference occurs, Goddard's discovery is premature and should be denied.

Goddard's motion also violates Northern District of California Civil Local Rule 37-1. Civil Local Rule 37-1(a) provides in relevant part, "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to F.R.Civ.P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." While a pro se litigant's pleadings may be liberally construed, pro se litigants must still follow the rules of procedure. *See Lyu v. Mayorkas*, No. 24-CV-00533-PHK, 2024 WL 2886049, at *1 (N.D. Cal. May 22, 2024) (recognizing that "pro se litigants must follow the same rules of procedure" as represented parties). Here, Goddard has not conferred with Apple regarding any purported discovery dispute. Nor has he attempted to do so. Apple requested that Goddard withdraw his discovery motion, but he refused. *See* Dkt. 88 at 5–9.

Federal Rule of Civil Procedure 37(a)(1) likewise requires that any motion to compel include "a certification that the movant has in good faith conferred or attempted to confer" with the opposing party to resolve the issue without court intervention. Goddard cannot make such a certification because he made no attempt at informal resolution and ignored Apple's efforts to avoid unnecessary motion practice. *See* Dkt. 88 at 5–9. Moreover, because no discovery requests have been served, there is no alleged failure to provide discovery and therefore no discovery dispute for the Court to resolve. Because the discovery process has not begun, there is no basis for judicial intervention.

Beyond these procedural defects, the Court should deny Goddard's motion for two additional reasons. First, premature discovery makes little sense when the pleadings remain unsettled. To the best Apple can discern from Goddard's 3,274-page proposed Third Amended Complaint (Dkt. 87-1), he seeks to add at least eleven causes of action: (1) Title VII discrimination based on race and religion (despite the Court previously dismissing that claim without leave to amend, Dkt. 74 at 10); (2) tortious interference with business relations; (3) violations of California's Unfair Competition Law; (4) defamation; (5) intentional infliction of emotional distress (also dismissed without leave to amend, Dkt. 74 at 17); (6) discrimination under the Fair Employment and Housing Act ("FEHA"); (7) FEHA harassment; (8) FEHA retaliation; (9) failure to prevent discrimination and harassment under FEHA; (10) conversion of digital property; and (11) trespass to chattels and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. *See* Dkt. 87-1 (listing twenty-one causes of action beginning with an "Eleventh Cause of Action"). Allowing discovery while the pleadings remain unsettled would impose needless burden and expense, particularly given Goddard's repeated disregard of the Court's orders, procedural rules, and governing standards.

Second, Goddard's motion previews requests that are extraordinarily overbroad and burdensome. He seeks production from at least nineteen entities spanning the technology, financial, telecommunications, healthcare, and government sectors based solely on a conclusory and speculative declaration.[1] Goddard's proposed requests do not satisfy Rule 26(b)(1)'s requirements of relevance and proportionality. The Court should reject Goddard's attempt to transform a single-plaintiff employment case involving the alleged unlawful failure to hire him into a sprawling, multi-entity investigation based on an alleged decades-old conspiracy among Internet Relay Chat ("IRC") users who supposedly accessed Goddard's "proprietary organic intelligence system."

[1] Goddard seeks discovery in this case from and orders directed at Apple, Amazon.com, Inc., Microsoft Corporation, Hewlett-Packard, Anthropic PBC, OpenAI, Inc., Slickdeals LLC, Tesla, Inc., SpaceX, Alphabet Inc. / Google LLC, JPMorgan Chase Bank, N.A., Bank of America, Goldman Sachs, Verizon Communications, Inc., AT&T, Sprint, T-Mobile, Contra Costa County, the California Courts, the Contra Costa District Attorney's Office (Diana Becton), Clark County, Nevada, Guardian Life Insurance Company of America, Warby Parker Inc., Stamps.com Inc., Crytograph.com/Perpetual Altruism Ltd., the Iranian Republic Guard network, and several individuals.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Goddard's discovery motion (Dkt. No. 86) as premature and procedurally defective.

Dated: March 4, 2026

BOYER WENTER LLP

By: /s/ Billie D. Wenter
Todd K. Boyer
Billie D. Wenter
Attorneys for Defendant



Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112