Todd K. Boyer, State Bar No. 203132
tboyer@boyerwenter.com
Billie D. Wenter, State Bar No. 235193
bwenter@boyerwenter.com
BOYER WENTER LLP
1585 North 4th Street, Suite N
San Jose, CA 95112
Telephone: +1 669-296-0323

Attorney for Defendant
APPLE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SLICKDEALS, LLC., and APPLE INC.,<br><br>Defendants. | Case No. 3:25-cv-06187 JSC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 87 AND 87-1)**<br><br>Complaint Filed: July 23, 2025 |

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. PROCEDURAL AND FACTUAL BACKGROUND ........ 1

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 3

A. The Court Should Deny Plaintiff's Motion For Leave To Amend Because His Proposed TAC Violates The Court's February 9 Order ........ 3

B. The Court Should Deny Leave to Amend to Add Claims For Title VII And IIED Because The Court Dismissed Them Without Leave To Amend ........ 4

C. The Court Should Deny Plaintiff's Motion For Leave to Amend Because The Proposed Complaint Shows He Cannot State a Plausible Claim Against Apple ........ 4

1. Plaintiff cannot establish a claim for tortious interference with business relations ........ 4

2. The Court should deny leave to amend to add the UCL claim because the Court has said he cannot pursue it in federal court ........ 5

3. The Court should deny Plaintiff leave to add a defamation claim because amendment would be futile ........ 6

4. The proposed amendment to add claims under the FEHA is futile ........ 7

5. The Court should deny leave to add a claim for "conversion of digital property" because amendment would be futile ........ 10

6. The Court should deny leave to amend to add a claim under the Computer Fraud and Abuse Act because it is futile ........ 10

V. CONCLUSION ........ 11


Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

# TABLE OF AUTHORITIES

Page(s)

OTHER AUTHORITIES

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ....................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................7

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
730 F.Supp.2d 1174 (E.D. Cal. 2010) ....................10

*Chisolm v. 7-Eleven, Inc.*,
383 F.Supp.3d 1032 (S.D. Cal. 2019)....................9

*Custom Packaging Supply, Inc. v. Phillips*,
2015 WL 8334793 (C.D. Cal. 2015) ....................11

*Diego v. City of Los Angeles*,
223 Cal.Rptr.3d 173 (2017) ....................7

*Doe v. Capital Cities*,
58 Cal. Rptr. 2d 122 (Cal. Ct. App. 1996)....................8

*Gibson v. City of Portland,*
*No. 24-1663, 2026 WL 235118 (9th Cir. Jan. 29, 2026)* ....................2

*Google LLC v. Point Financial, Inc.*,
2025 WL 1616533 (N.D. Cal. 2025) ....................4

*Guzman v. Polaris Indus. Inc.,*
*49 F.4th 1308 (9th Cir. 2022)*....................5

*hiQ Labs, Inc. v. LinkedIn Corporation*,
31 F.4th 1180 (9th Cir. 2022) ....................10

*Ixchel Pharma, LLC v. Biogen, Inc.*,
470 P.3d 571 (2020)....................5

*Janken v. GM Hughes Elecs*.,
53 Cal. Rptr. 2d 741 (1996) ....................8

*Kourounian v. California Dept. of Tax & Fee Administration*,
309 Cal.Rptr.3d 103 (2023) ....................9

*Leadsinger, Inc. v. BMG Music Pub.*,
512 F.3d 522 (9th Cir. 2008) ....................3

*LVRC Holdings LLC v. Brekka*,
581 F.3d 1127 (9th Cir. 2009) ....................10

*McInteer v. Ashley Distribution Services, Ltd.*,
40 F.Supp.3d 1269 (C.D Cal. 2014) ....................8

*Mendia v. Garcia*,
165 F.Supp.3d 861 (N.D. Cal. 2016)....................7

*Quelimane Co. v. Stewart Title Guaranty Co.*,
960 P.2d 513 (1998)....................4

*Shin v. ICON Foundation*,
553 F.Supp.3d 724 (N.D. Cal. 2021) ....................10

*Sneddon v. ABF Freight Systems*,
489 F.Supp.2d 1124 (S.D. Cal. 2007)....................8

Sonner v. Premier Nutrition Corp.,
971 F.3d 834 (9th Cir. 2020) ....................5

*Ventura v. IQVIA Inc.*,
2026 WL 84530 (N.D. Cal. 2026) ....................8

*Weiss v. Permanente Medical Group, Inc.*,
751 F.Supp.3d 991 (N.D. Cal. 2024) ....................9

*Wong v. Jing*,



Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

117 Cal.Rptr.3d 747 (2010) ........................................................................ 6
*Yanowitz v. L'Oreal USA, Inc.*,
116 P.3d 1123 (Cal. 2005) ........................................................................ 9

STATUTES

15 U.S.C. § 1681 ........................................................................ 2
18 U.S.C. § 1030 ........................................................................ 3, 10
42 U.S.C. § 1981 ........................................................................ 2, 5, 8

RULES

Federal Rule of Civil Procedure 15(a)(2) ........................................................ 3
Federal Rule of Civil Procedure 8(a) ........................................................ 1, 2, 4

## I. INTRODUCTION

Plaintiff Thomas Joseph Goddard has repeatedly attempted to expand this case through excessively long, unauthorized pleadings that disregard the Court's orders and the Federal Rules of Civil Procedure. Since initiating this action, Goddard has filed at least eleven different complaints or proposed complaints, often accompanied by voluminous exhibits and motions for leave to amend. *See* Dkt. Nos. 1, 7, 42, 57, 61, 64, 71–72, 78, 79-1, 80-1, 81-1, 82, 87-1. His latest proposed Third Amended Complaint ("TAC") continues that pattern. The proposed TAC is 3,274 pages long, far exceeding even his prior proposed version and directly violating the Court's February 9, 2026 Order instructing that any amended complaint must be stated in a "reasonable number of pages."

The Court previously explained that the extraordinary length of Plaintiff's pleadings made it "difficult if not impossible for the Court to determine if he states a claim." Yet Plaintiff responded by filing an even longer pleading containing numerous new claims, referencing additional alleged wrongdoers, and attaching thousands of pages of exhibits. The proposed TAC therefore fails to comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the claims, and it disregards the Court's explicit instructions when seeking leave to add new claims.

Leave to amend should also be denied because amendment would be futile. The proposed TAC attempts to revive claims the Court already dismissed without leave to amend, reasserts claims that this Court ruled must be pursued in state court, and adds multiple new causes of action that are unsupported by plausible factual allegations. Many of the proposed claims rely on speculation, conclusory assertions, or conduct unrelated to Apple. Plaintiff's proposed TAC reflects bad faith and should be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 23, 2025, Plaintiff filed a Complaint against Apple and Slickdeals. Dkt. 1. On August 11, 2025, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 7. Plaintiff was permitted to file this complaint as a matter of right. Plaintiff did not serve the FAC on Apple. Before the Court addressed the sufficiency of any pleading, Plaintiff began filing extensive exhibits, declarations, and notices, most of which violate the Local Rule page limitations.

On September 16, 2025, Apple filed a motion to dismiss Plaintiff's initial Complaint. Dkt. 15.

On September 23, 2025, Plaintiff sought leave to file a Second Amended Complaint. Dkt. 18.

On October 21, 2025, the Court granted Apple's motion to dismiss and denied Plaintiff's motion for leave to file the Second Amended Complaint ("SAC") based on the allegations contained therein. Dkt. 32. The Court, however, granted leave to amend for all but one cause of action. *Id.* The Court also ordered Plaintiff to file his claims against Slickdeals in a separate action. *Id.* at 16:11–12. On October 22, 2025, Plaintiff filed the SAC. Plaintiff's SAC did not comply with the scope of leave granted under the Court's October 21, 2025, Order. Soon after the Court dismissed the unauthorized "Operative Complaint," Plaintiff filed a motion for leave to file the Third Amended Complaint.

On February 9, 2026, the Court granted in part and denied in part Apple's Motion to Dismiss the SAC and denied Goddard's motion for leave, with instructions as to any future motion for leave to amend:

> If Mr. Goddard wishes to add any new claims, or add any new defendants, he must file a new motion for leave to file a third amended complaint. The Court once again cautions Mr. Goddard **any proposed amended complaint must be stated in a reasonable number of pages**. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, Mr. Goddard shall limit the exhibits attached to any proposed amended complaint. The length of his complaints with exhibits makes it difficult if not impossible for the Court to determine if he states a claim. For example, his previous proposed third amended complaint is 2,183 pages. (Dkt. No. 64.) Such length is not consistent with Rule 8. See *Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118, at *18 (9th Cir. Jan. 29, 2026) ("[T]he district court has inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." (quotation marks and citations omitted)). But, in any event, as the Court has in large part denied Apple's motion to dismiss, Mr. Goddard does not need to amend his complaint for the case to move forward.

Dkt. 74, at 20:25-21:11.

The operative complaint is Goddard's "Second Amended Complaint," Dkt. 42, and there are three causes of action that remain against Apple following Apple's motions to dismiss: 1) Twelfth Cause of Action: Race Discrimination (42 U.S.C. § 1981), 2) Thirteenth Cause of Action: Fair Credit Reporting Act (15 U.S.C. § 1681), and 3) Sixteenth Cause of Action: Fraud. Since the Court's February 9, 2026, ruling on Apple's second motion to dismiss, Goddard filed multiple motions to amend the complaint, with proposed amended complaints (all exceeding 3,000 pages), and four

Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

motions for an order on discovery involving at least 19 entities and 16 individuals. *See* Dkt. Nos. 78, 79, 80, 83, 84, 85, 86, & 87.

After conferring with Plaintiff regarding Apple's administrative motion to strike (Dkt. No. 88), Plaintiff filed this Motion with another complaint that is far beyond reasonable and, like Plaintiff's other filings, it violates the Court's prior orders and scope of leave to amend. *See* Dkt. 87-1. The current proposed amended complaint is 3,274 pages, and it appears to include at least two claims the court dismissed with prejudice: Title VII – Discrimination Based on Race & Religion ("Eleventh Cause of Action") and Intentional Infliction of Emotional Distress ("IIED") ("Eighteenth Cause of Action"). In addition, it appears Goddard seeks to add claims for: tortious interference with business relations ("Fourteenth Cause of Action"); violations of California's Unfair Competition Law ("Fifteenth Cause of Action"); defamation ("Seventh Cause of Action"); discrimination, harassment, retaliation, and failure to prevent discrimination and harassment in violation of the Fair Employment and Housing Act ("FEHA") ("Nineteenth Cause of Action"); conversion of digital property ("Twentieth Cause of Action"); and trespass to chattels and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("Twenty-First Cause of Action").

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts shall grant leave to amend "freely . . . when justice so requires." While true Rule 15(a) is a liberal standard, and leave is regularly granted, particularly for pro se plaintiffs, the futility of amendment is a basis to deny leave to amend. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal of complaint without leave to amend because amendment would have been futile).

## IV. ARGUMENT

### A. The Court Should Deny Plaintiff's Motion For Leave To Amend Because His Proposed TAC Violates The Court's February 9 Order

Plaintiff's serial, unauthorized filings that continue to violate the Court's orders and Local Rules impede the orderly administration of this case and needlessly wastes time and resources. Apple has been forced to expend significant resources deciphering which documents control and assessing whether responses are required. Plaintiff's pro se status is not an excuse to disregard orders, rules,

and procedures, and Apple should not be forced to respond to moving target claims. Despite making clear a complaint exceeding 2,000 pages is unreasonable, Plaintiff filed an even longer one, and he asserts two claims the Court has already dismissed with prejudice. Plaintiff's Motion and the proposed TAC evidence "bad faith." Because the Plaintiff violates the Court's February 9 Order, and his proposed TAC does not contain "a **short and plain statement**" of any claim showing an entitlement to relief, the Court should deny Plaintiff's Motion and order that he cannot file any further motion for leave to amend. *See* Dkt. 74, at 21 (describing Court's inherent authority to control its docket and ensure the prompt resolution of lawsuits, including the power to dismiss complaints that fail to comply with Federal Rule of Civil Procedure 8(a)(2)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (explaining that a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile").

### B. The Court Should Deny Leave To Amend To Add Claims For Title VII And IIED Because The Court Dismissed Them Without Leave To Amend

The Court's February 9 Order made clear Plaintiff could not amend the complaint to add claims for violation of Title VII or for intentional infliction of emotional distress. *See* Dkt. 74, at p.20 ("However, the Court GRANTS Apple's motion to dismiss Mr. Goddard's Title VII claims and intentional infliction of emotional distress claims without leave to amend."). Plaintiff's Motion as to these claims is an improper attempt to seek reconsideration without having leave to do so under Local Rule 7-9(a) or the grounds to support it. The Court should thus deny Plaintiff leave to amend to add the Eleventh and Eighteenth Causes of Action.

### C. The Court Should Deny Plaintiff's Motion For Leave To Amend Because The Proposed Complaint Shows He Cannot State A Plausible Claim Against Apple

#### 1. Plaintiff cannot establish a claim for tortious interference with business relations

The elements of tortious interference require an existing business relationship or prospective economic advantage, knowledge of that relationship, intentional acts designed to induce a breach or disruption, and resulting harm. *Google LLC v. Point Financial, Inc.*, 2025 WL 1616533, at *3 (N.D. Cal. 2025); *Quelimane Co. v. Stewart Title Guaranty Co.*, 960 P.2d 513, 530 (1998). A claim for

intentional interference with prospective economic activity also "requires pleading that the defendant committed an independently wrongful act." *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 576 (2020).

Plaintiff's proposed complaint fails to plausibly allege such a claim against Apple. Plaintiff's allegations are vague, conclusory, and fail to plead the essential elements of the claim. Plaintiff's proposed complaint does not identify the "business relationships," and the claim appears to involve his own company, Neutrinos Platforms, Inc. Plaintiff's only alleged misconduct by Apple is that it rescinded an offer of employment in October 2023. Yet the interference claim alleges that "Defendant" disrupted Plaintiff's business relationships by "terminating" him on July 15, 2024, three days after a meeting with a CEO. *See* Dkt. 87-1, TAC at 135–36, ¶ 86b. Plaintiff repeatedly alleges, however, that Apple never hired him, so Apple could not have terminated him.

Moreover, the allegations concerning the alleged interference appear to concern Slickdeals, not Apple. The TAC attributes the interference to actions involving Slickdeals' CEO and CTO and describes the "CEO meeting" as a meeting with the Slickdeals' CEO regarding potential partnerships between Slickdeals and Neutrinos Platforms, Inc. *See id.* at 136 ¶ 86c, and p. 495. Because the alleged interference involves third parties and not Apple's conduct, amendment to assert the Fourteenth Cause of Action against Apple would be futile.

**2. The Court should deny leave to amend to add the UCL claim because the Court has said he cannot pursue it in federal court**

On February 9, the Court ruled:

> Although Mr. Goddard might be able to amend his UCL claim to state a claim, this federal court would be without equitable jurisdiction to resolve the claim given his fraud, FCRA, and section 1981 claims are proceeding past the motion to dismiss stage, and he therefore has an adequate remedy at law. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (explaining "[t]he UCL provides only for equitable remedies," and "[i]n order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist . . . if the plaintiff has no adequate legal remedies" (quotation marks and citation omitted)); see also Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) ("[The plaintiff] must establish that []he lacks an adequate remedy at lack before securing equitable restitution for past harm under the UCL."). So, the UCL claim is dismissed without prejudice to Mr. Goddard pursuing that claim in state court.

*See* Dkt. 74, at p. 20.


Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

Because the claim was only dismissed without prejudice for pursuit in state court, the Court should deny Goddard leave to add the Fifteenth Cause of Act.

**3. The Court should deny Plaintiff leave to add a defamation claim because amendment would be futile**

The proposed TAC does not identify any defamatory statement made by Apple, nor does it allege facts showing that Apple published any such statement. *Wong v. Jing*, 117 Cal.Rptr.3d 747, 761 (2010) (identifying elements for defamation claim as "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage"). Instead, the complaint lists a series of purportedly defamatory statements that appear to have no connection to Apple, including allegations that someone:

- "falsely claim[ed] Plaintiff made threats or posed a security risk";
- "includ[ed] unverified defamatory content in Plaintiff's personnel file that portrayed him as an 'Anti-Muslim Bigot' and 'Islamophobe'";
- "attribut[ed] fabricated quotes to Plaintiff that he never made";
- "creat[ed] and disseminat[ed] false narratives that Plaintiff would 'bring a weapon to the office,' or words to that effect"; and
- "us[ed] Plaintiff's photograph without authorization to perpetuate false narratives."

Dkt. 87-1 at 154, ¶ 95. The TAC does not allege who made these statements, when they were made, or how Apple was involved in publishing them.

To the contrary, the complaint indicates that the alleged defamatory statements arise from a separate defamation claim Plaintiff has asserted against Interserver.net and Host Department NJ, LLC in litigation pending in the United States District Court for the District of New Jersey. *See id.* ¶ 95d; *see also id.* ¶ 53 (describing an "inversion strategy" falsely portraying Plaintiff as "an anti-Muslim bigot" *after* his termination); *id.* at p. 787 (reference to a conspiracy and defamation in August 2024, ***after*** Apple's alleged wrongful failure to hire Plaintiff). The allegations concern statements allegedly posted online by other actors having no connection to Apple.

Plaintiff's further assertion that Apple's alleged discriminatory failure to hire him in October 2023 somehow "served as a catalyst for escalating discrimination across multiple institutions" is


Boyer Wenter LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

insufficient to state a defamation claim against Apple. A hiring decision (even if allegedly wrongful) does not constitute the publication of a defamatory statement. Because the proposed TAC fails to identify any actionable statement made or published by Apple, the proposed defamation claim cannot survive a motion to dismiss.

**4. The proposed amendment to add claims under the FEHA is futile**

Goddard's proposed non-conclusory allegations do not plausibly support FEHA claims for discrimination, harassment, or retaliation. *See Mendia v. Garcia*, 165 F.Supp.3d 861, 875 (N.D. Cal. 2016) (explaining that courts apply the same standard concerning futility to that on a motion to dismiss for failure to state a claim when address whether to grant leave to amend). The alleged adverse action—a decision to withdraw a proposed offer of employment following further review by a director and senior director—is not inherently discriminatory, harassing, or retaliatory. Goddard attempts to characterize it as such based solely on speculative allegations about purported online interactions more than two decades earlier.

Specifically, Goddard alleges that he interacted with the Apple Senior Director in public IRC channels between approximately 2005 and 2009, during which he claims he disclosed his Jewish identity, and the individual allegedly made antisemitic remarks and expressed animus toward the "Goddard" name. *See* Dkt. 87-1 ¶¶ 35–36, pp. 82–86. According to Goddard, this alleged historical animus explains the rescission of his employment offer in October 2023. These allegations are implausible, and Goddard's "subjective feelings" and "beliefs" are not sufficient to support a discrimination claim; "[t]hey are simply speculation, or, at best, conclusions . . . ." *Diego v. City of Los Angeles*, 223 Cal.Rptr.3d 173, 188 (2017).

The Court is not required to accept speculative inferences that stretch far beyond pled facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that courts need not accept "naked assertions devoid of further factual enhancement"). Goddard asks the Court to infer that (1) an individual who allegedly participated in anonymous IRC chats decades ago is the same person involved in the hiring decision; (2) that person remembered Goddard from those chats more than twenty years later; and (3) that the hiring decision was motivated by discriminatory animus formed during those alleged interactions. The complaint provides no factual basis for these assumptions. Further, they are "too

remote in time to be probative." *See Sneddon v. ABF Freight Systems*, 489 F.Supp.2d 1124, 1130 (S.D. Cal. 2007) (considering isolated and remote remarks unrelated to the challenged decision a year before termination decision insufficient to infer discriminatory intent*); McInteer v. Ashley Distribution Services, Ltd.*, 40 F.Supp.3d 1269, 1282 (C.D Cal. 2014) ("An isolated and stray remark is insufficient to establish discrimination without other indicia of discriminatory intent.").

The proposed TAC alleges no intervening discriminatory conduct during the approximately fourteen-year period between the alleged IRC discussions and the hiring decision. It alleges no direct contact or communication between Goddard and the Senior Director after 2009. And it alleges no facts suggesting that the Senior Director recognized Goddard during the 2023 hiring process. Without such allegations, the theory is nothing more than speculation.[1]

Plaintiff's proposed harassment claim is equally deficient. Plaintiff did not work at Apple or with Mike Rockwell. While FEHA protects "applicants" from harassment, the alleged harassment must occur in a work-related context. *See Doe v. Capital Cities*, 58 Cal. Rptr. 2d 122, 128 (Cal. Ct. App. 1996) ("Precedential decisions of the Fair Employment and Housing Commission have recognized that while the harassing conduct need not occur in the workplace, it must occur in a work-related context." (internal quotation and citation omitted; emphasis added)). Here, the alleged harassing conduct occurred approximately 15 to 18 years before the hiring process began. The complaint does not allege any interaction between Plaintiff and Rockwell during Apple's recruiting process, let alone conduct that could plausibly constitute harassment in a work-related setting. Moreover, the alleged adverse action – a decision to withdraw a proposed employment offer after further internal review – is a personnel management decision that cannot, standing alone, give rise to a hostile work environment claim. *See Janken v. GM Hughes Elecs*., 53 Cal. Rptr. 2d 741, 753–55 (1996) (personnel management decisions such as hiring, firing, and promotion decisions are not harassment); *see, e.g.*, *Ventura v. IQVIA Inc.*, 2026 WL 84530, at *3 (N.D. Cal. 2026) (dismissing harassment claim based on "commonly necessary personnel management actions . . . associated with

[1] For these reasons, Apple believe Plaintiff's allegations fail to satisfy a claim for race discrimination under 42 U.S.C. § 1981, but it recognizes the Court denied Apple's motion to dismiss this claim in the Second Amended Complaint and, therefore, does not address this claim, the Fair Reporting and Credit Act claim, or the fraud claim in the TAC.

hiring" (internal quotation and citation omitted)). Plaintiff's proposed TAC therefore confirms that he cannot plead facts supporting a viable harassment claim against Apple.

Plaintiff's retaliation claim fares no better. Plaintiff alleges that his protected activity consisted of "reporting alleged antisemitic statements and Nazi sympathies" when he filed this lawsuit in July 2025. (Dkt. No. 87-1 at 167, ¶ 99h.) But the challenged employment decision (the withdrawal of Plaintiff's employment offer) occurred nearly two years *before* the alleged protected activity. To establish a *prima facie* retaliation claim under FEHA, Plaintiff must show that (1) he engaged in protected activity, (2) Apple subjected him to an adverse employment action, and (3) a causal link exists between the protected activity and Apple's action. *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). Courts hold that even gaps of several months between protected activity and adverse action defeat any inference of causation. *See, e.g.*, *Chisolm v. 7-Eleven, Inc.*, 383 F.Supp.3d 1032, 1066 (S.D. Cal. 2019) ("Given the two- to three-year gap between Plaintiff's protected activities and her non-selection for the SRER position, Plaintiff's failure to introduce any evidence of surrounding circumstances that show a retaliatory motive, and Plaintiff's failure to respond to Defendant's arguments, the Court finds that Plaintiff fails to state a *prima facie* case for retaliation based on her non-selection.").

Here, the alleged protected activity happened *after* the alleged retaliatory conduct. "Adverse actions taken before a protected activity cannot constitute retaliation under FEHA." *Kourounian v. California Dept. of Tax & Fee Administration*, 309 Cal.Rptr.3d 103, 113 (2023). Plaintiff's retaliation claim is not merely implausible; it is legally impossible.

Finally, because Plaintiff's TAC presents no facts allowing the Court to draw a reasonable inference that Apple would be liable for discrimination, harassment, or retaliation under the FEHA, his derivative failure to prevent discrimination and harassment claim will also fail. *Weiss v. Permanente Medical Group, Inc.*, 751 F.Supp.3d 991, 998 (N.D. Cal. 2024) (explaining that an employer cannot be liable for failing to prevent discrimination that did not happen). The Court should deny Plaintiff's request for leave to add the Nineteenth Cause of Action for violation of FEHA.

**5. The Court should deny leave to add a claim for "conversion of digital property" because amendment would be futile**

To plead a claim for conversion of digital property, the plaintiff must show an ownership right to the property at the time of the conversion, the defendant committed conversion through a wrongful act or disposition of the plaintiff's property rights, and resulting damage. *Shin v. ICON Foundation*, 553 F.Supp.3d 724, 729 (N.D. Cal. 2021). Plaintiff does not allege facts showing an ownership right because he expressly identifies the owner as Neutrinos Platforms, Inc. or that "bundle identifiers" constitute "property." *See* Dkt. 87-1, ¶ 110c(1). In addition, Plaintiff's complaint contains no facts showing the transfer was unauthorized, and his alleged resulting damage of $4.5 million is conclusory and unsupported. Because the proposed pleading fails to plausibly allege ownership, wrongful dominion, or damages, amendment to add the Twentieth Cause of Action would be futile.

**6. The Court should deny leave to amend to add a claim under the Computer Fraud and Abuse Act because it is futile**

The Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030, was "enacted to prevent intentional intrusion onto someone else's computer—specifically, computer hacking." *hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1196 (9th Cir. 2022). The prohibited conduct is analogous to "breaking and entering." *Id.* (describing legislative history). The elements for the claim are (1) intentional access to a computer, (2) without authorization or exceeding authorized access, and (3) obtaining specified types of information. *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009). Plaintiff's allegations regarding "unauthorized access" are conclusory, and software processes part of Apple's operating system or developer tools doe not constitute "unauthorized access."

Plaintiff's allegation as to his alleged harm is also conclusory and insufficient to state a claim. "Loss" under the CFAA is grouped with harms of "physical injury, threat to public health and safety, impairment of medical diagnosis or treatment, and damage to federal government computers that deal with national security and defense." *AtPac, Inc. v. Aptitude Solutions, Inc.*, 730 F.Supp.2d 1174, 1185 (E.D. Cal. 2010). Conclusory allegations of a $5,000 loss are insufficient. *See, e.g.*, *id.* (dismissing fourth cause of action under CFAA because no facts indicated the plaintiff failed to identify an

impairment or damage to the computer system that was accessed without authorization); *Custom Packaging Supply, Inc. v. Phillips*, 2015 WL 8334793, at *3 (C.D. Cal. 2015) (dismissing conclusory CFAA claim); *see* Dkt. 87-1, at ¶ (conclusory statement, "[t]hese acts caused aggregate losses exceeding $5,000 in any one-year period . . . ."). The Court should deny Plaintiff leave to add the Twenty-First Cause of Action.

**V. CONCLUSION**

Plaintiff's proposed TAC is far from a short and plain statement, it violates the Court's February 9, 2026, Order, and it evidences bad faith. In addition, it is based on speculation and conclusory assertions, many of which have nothing to do with Apple. For these reasons, the Court should deny Plaintiff's Motion.

Dated: March 9, 2026

BOYER WENTER LLP

By: /s/ Billie D. Wenter
Todd K. Boyer
Billie D. Wenter
Attorneys for Defendant
APPLE INC.