UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

APPLE INC,

Defendant.

Case No.  25-cv-06187-JSC

**ORDER RE: PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND FOR DISCOVERY, AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FILINGS**

Re: Dkt. Nos. 80, 83, 84, 85, 86, 87, 88

Plaintiff, proceeding in forma pauperis without attorney representation, sues Defendant for discrimination.  (Dkt. No. 42.)[1]  On February 9, 2026, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's second amended complaint.  (Dkt. No. 74.)  Plaintiff then filed two motions for leave to file a third amended complaint, (Dkt. Nos. 80, 87), and four motions for immediate discovery, (Dkt. Nos. 83, 84, 85, 86).  Defendant also moved to strike Plaintiff's filings at Docket Nos. 78, 79, 80, 81, 83, 84, 85, 86, and 87.  (Dkt. No. 88.)

## I.    MOTIONS FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Because Plaintiff's second pending motion to file a third amended complaint "supersedes the First Amended Motion (Dkt. 80)," (Dkt. No. 87 at 9), the Court DENIES as moot Plaintiff's motion for leave to file a third amended complaint at Docket No. 80.

As to Plaintiff's second pending motion to file a third amended complaint, Plaintiff's motion is 48 pages without exhibits and 334 pages with exhibits.  (Dkt. No. 87.)  The District's Local Rules provide any motion must be stated "[i]n one filed document not exceeding 25 pages

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

in length." *See* N.D. Cal. Civ. L.R. 7-2(b).  So, the Court STRIKES Plaintiff's motion for leave to file a third amended complaint at Docket No. 87 without prejudice to Plaintiff's refiling a motion which complies with the Local Rules' page limits.

The Court also notes Plaintiff's motion attaches a 3,274-page proposed third amended complaint.  (Dkt. No. 87-1.)  The Court has repeatedly informed Plaintiff "any proposed amended complaint must be stated in a reasonable number of pages" to comply with Federal Rule of Civil Procedure 8(a)(2).  (Dkt. No. 74 at 20-21 (noting Plaintiff's 2,183-page complaint was unreasonable); *see also* Dkt. No. 32 at 16-17.)  If Plaintiff seeks leave to file a third amended complaint, the proposed third amended complaint **may not exceed 100 pages**.  To the extent Plaintiff seeks to include exhibits, those exhibits must be clearly cited within the complaint and each included as a separate attachment to the docket entry.

## II.    MOTIONS FOR IMMEDIATE DISCOVERY

The Court also DENIES Plaintiff's motions for immediate discovery at Docket Nos. 83, 84, 85, and 86.  Under Federal Rule of Civil Procedure 26(d)(1), "[a] party [generally] may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d)(1).  Defendant states, and Plaintiff does not dispute, Plaintiff filed his motions for immediate discovery before any Rule 26(f) conference.  (Dkt. No. 93 at 3.)

And, under Federal Rule of Civil Procedure 37(a)(1), any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Similarly, under the Local Rules:

> The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

N.D. Cal. Civ. L.R. 37-1(a).  So, the Court also denies Plaintiff's motions because he does not include any certification he has conferred or attempted to confer with Defendant or otherwise

United States District Court
Northern District of California

United States District Court
Northern District of California

attempted to resolve the discovery disputes without court action.

Furthermore, Plaintiff has not complied with the Court's Civil Standing Order. *See* Civ. Standing Order for District Judge Jacqueline Scott Corley (rev. Jan. 21, 2025), https://cand.uscourts.gov/sites/default/files/standing-orders/JSC-Standing-Order-Jan-2025-docx.pdf. The Standing Order requires the parties to "first meet and confer . . . in person or via videoconference to attempt to resolve their dispute informally" before seeking the Court's guidance. *Id.* at 3. If the parties remain at an impasse after meeting and conferring, they may—rather than filing a motion to initiate discovery—"prepare a ***joint*** statement of ***not more than five single-spaced pages*** (12-point font or greater) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts." (*Id.* at 4 (emphasis added).) So, the Court also denies Plaintiff's motions for failing to comply with the Court's standing order. *See J & J Sports Prods., Inc. v. Jernegan*, No. C 11-02095, 2013 WL 450382, at \*1 (N.D. Cal. Feb. 5, 2013) (denying without prejudice a plaintiff's motion for failing to comply with the court's standing order).

## III.    DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FILINGS

Defendant moves to strike Docket Nos. 78, 79, 80, 81, 83, 84, 85, 86, and 87 as repetitive, oversized, or otherwise in violation of the Local Rules and this Court's prior orders. Because the Court has denied all of Plaintiff's pending motions, the Court DENIES AS MOOT Defendant's motion to strike without prejudice. However, Plaintiff is cautioned any future filings must comply with the page limits in the Local Rules and this Order, as well as meet and confer requirements in the Federal Rules of Civil Procedure, the Local Rules, and the Standing Order.

### CONCLUSION

In light of the Court's rulings above, no motion for leave to further amend the complaint is currently pending. The case is proceeding on Mr. Goddard's section 1981, FCRA, and fraud claims. The initial case management conference on April 29, 2026 at 2:00 p.m. via Zoom video remains on calendar.

This Order disposes of Docket Nos. 80, 83, 84, 85, 86, 87, 88.

\\

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge