THOMAS J. GODDARD
thomas@lawz.app
1910 N. Main St., Suite 627
Walnut Creek, CA 94596
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

APPLE INC., ET AL.,

Defendant(s).

Case No. 3:25-cv-06187-JSC

Hon. Jacqueline Scott Corley

**PLAINTIFF'S AMENDED URGENT MOTION FOR EXEMPTION FROM PACER FEES AND ORDER DIRECTING PACER SERVICE CENTER TO RESTORE ACCESS**

*28 U.S.C. § 1915;*
*E-Government Act of 2002;*
*42 U.S.C. § 12132*

## I. NOTICE OF MOTION AND URGENT RELIEF REQUESTED

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Thomas Joseph Goddard, appearing in propria persona, respectfully moves this Court on an **URGENT** basis for an Order (1) exempting Plaintiff from all PACER fees in this and all related actions, (2) directing the PACER Service Center to restore Plaintiff's PACER/ECF account access (username:

*neutrinos*, Account No. 8394159), and (3) waiving the outstanding balance on Plaintiff's PACER account as a condition of restoration.

**Urgency:** On April 9, 2026, a representative of the PACER Service Center (Angelica, PACER Service Center, 210-301-6440) stated by email:

> "Please contact the court to find the status on your exemption orders. If provided we can code your account accordingly."

The PACER Service Center has thus explicitly conditioned restoration of Plaintiff's PACER account on receipt of a court order granting fee exemption. Plaintiff's account has been suspended since approximately March 2026, preventing Plaintiff from accessing dockets, reviewing filings, or filing documents in any federal case. A specific court order is required — not merely IFP status — before PACER will act.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Legal Authority

**IFP status entitles Plaintiff to PACER fee waiver.** The Court has previously granted Plaintiff leave to proceed in forma pauperis in this action.[1] 28 U.S.C. § 1915(a) authorizes courts to waive filing fees and costs for indigent litigants. The Judicial Conference's *Electronic Public Access Fee Schedule*, Note 4, expressly provides: "Exemptions from fees for electronic access to information may be granted for …persons or organizations who have been granted access to federal court electronic information by a court order as part of an in forma pauperis proceeding." The Court's IFP order in this action is therefore a sufficient legal basis to exempt Plaintiff from all PACER fees.

**The E-Government Act supports free access.** The E-Government Act of 2002, Pub. L. 107-347, § 205(e), requires courts to make documents available electronically to the public, with fee waivers available to those who cannot afford access. Charging PACER fees to an IFP litigant undermines congressional intent.

**ADA requires accommodation.** Plaintiff is a disabled individual under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiff is currently confined at the Department of State Hospitals — Napa (DSH Napa) pursuant to a commitment

[1] See Dkt. [IFP ORDER DKT. NUMBER].

under Penal Code § 1370, and is physically unable to access the courthouse or file by other means. Denial of PACER access constitutes a denial of meaningful court access to a disabled individual. *Tennessee v. Lane*, 541 U.S. 509, 523–24 (2004).

**B. Plaintiff's Current Financial Status**

As set forth in the attached Updated Declaration and Amended AO 239 Application (Exhibit A), Plaintiff's financial circumstances are as follows:

– **Current income:** $0.00. Plaintiff's State Disability Insurance (SDI) benefits, which were the sole source of income at the time of original filing, have been completely exhausted as of approximately March 2026. Plaintiff has no employment income, no Social Security, no pension, and no other income source.

– **Assets:** None. Cash: $0.00. Checking/savings accounts: $0.00 (no access to banking while confined). The vehicle previously listed was a leased BMW that has been repossessed due to non-payment during hospitalization. Real estate: none.

– **Expenses:** Plaintiff is confined at DSH Napa and has no personal expenses outside of confinement. There are no discretionary funds.

– **Debts:** Approximately $19,000 in credit card debt incurred prior to confinement for basic survival necessities. Outstanding PACER account balance incurred while hospitalized and unable to manage the account.

Plaintiff's financial circumstances are more dire now than at the time the original IFP motion was granted. There is no colorable basis for imposing PACER fees on a confined, income-free, asset-free litigant.

**C. PACER Service Center Requires a Specific Court Order**

The original IFP order alone has not been sufficient to cause PACER to restore access. The PACER Service Center's email of April 9, 2026 (Exhibit B) expressly states that a specific "exemption order" is required before the account can be "coded accordingly." This motion seeks that specific order in the form of the Proposed Order filed herewith.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

### D. No Prejudice to Any Party

This motion seeks only relief against PACER Service Center — an administrative body of the federal judiciary — not against any defendant. No defendant is prejudiced by this order. The only effect of this order will be to restore Plaintiff's ability to access and file in his own federal cases.

## III. EXHIBIT A — UPDATED AO 239 (APPLICATION TO PROCEED WITHOUT PREPAYING FEES)

**AO 239 (Rev. 12/07) Application to Proceed in District Court Without Prepaying Fees or Costs**

**UNITED STATES DISTRICT COURT**

**for the Northern District of California**

I, **Thomas Joseph Goddard**, swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the fees, costs or security required by law to prosecute this action. I believe I am entitled to relief.

**1. Average monthly income from all sources during the past 12 months:**

| | **You** | **Spouse** |
|---|---|---|
| Employment | $0.00 | N/A |
| Self-employment | $0.00 | N/A |
| Unemployment compensation | $0.00 | N/A |
| Social Security | $0.00 | N/A |
| State Disability Insurance (SDI) | $0.00 | N/A |
| Supplemental Security Income (SSI) | $0.00 | N/A |
| Public assistance / welfare | $0.00 | N/A |
| Pensions and annuities | $0.00 | N/A |
| Gifts or inheritances | $0.00 | N/A |
| Any other sources | $0.00 | N/A |
| **TOTAL monthly income** | **$0.00** | **N/A** |

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

*Note: Plaintiff's SDI benefits (previously the sole income source) were exhausted in or about March 2026. Plaintiff has received $0.00 in income since that time. Plaintiff is currently confined at DSH Napa.*

**2. Number of dependents:** 0 **Relationship:** N/A

**3. How household expenses are paid if income is insufficient:**

Plaintiff is involuntarily confined at the Department of State Hospitals — Napa (DSH Napa), 2100 Napa-Vallejo Highway, Napa, California 94558, pursuant to Penal Code § 1370. Plaintiff has no household to maintain and no expenses within his control. Plaintiff has no access to banking, financial accounts, or funds of any kind. Plaintiff has no ability to pay any fees, costs, or other financial obligations.

**4. Property spent, lost, or given away ($200+) in the past 12 months:**

☐ Yes × No

**5. Property owned:**

| **Description** | **Value** |
|---|---|
| Cash | $0.00 |
| Checking account | $0.00 (no access) |
| Savings account | $0.00 |
| Other financial accounts | $0.00 |
| Automobile | $0.00 (lease repossessed) |
| Real estate | $0.00 |
| Stocks, bonds, other investments | $0.00 |
| Other personal property over $200 | $0.00 |
| **TOTAL** | **$0.00** |

**6. Employment history, past two years:**

| Employer | Dates | Address |
|---|---|---|
| Slickdeals, LLC | Aug. 28, 2023 – Jul. 15, 2024 | 6010 S. Durango Dr., Suite 100, Las Vegas, NV 89113 |
| *None — Disabled* | Jul. 16, 2024 – Present | Unable to work; confined DSH Napa since Feb. 2026 |

**7. Spouse's employment history:** N/A — No spouse.

**8. Expected income in next 12 months: $0.00.** Plaintiff has no income and no anticipated income source. SDI benefits are fully exhausted. Plaintiff is confined and unable to seek employment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 9, 2026, at Napa, California.

/s/ Thomas Joseph Goddard

Thomas Joseph Goddard

Plaintiff, In Pro Per

## IV. EXHIBIT B — PACER SERVICE CENTER EMAIL (April 9, 2026)

> From: PACER Service Center
> To: Thomas Joseph Goddard
> Date: April 9, 2026
>
> "Good afternoon,
> Please contact the court to find the status on your exemption orders. If provided we can code your account accordingly.
> Respectfully,
> Angelica
> PACER Service Center
> Phone: 210-301-6440 | Toll Free: 800-676-6856 | Fax: 210-301-6441"

This email confirms that: (1) PACER Service Center is aware of Plaintiff's exemption

request; (2) PACER requires a specific court "exemption order" to act; (3) upon receipt of such order, PACER will immediately "code" the account to restore access. The Proposed Order attached hereto is drafted in the specific form requested.

## V. [PROPOSED] ORDER

The Court, having reviewed Plaintiff's Amended Urgent Motion for PACER Fee Exemption and the attached AO 239 and PACER Service Center email, and the Court having previously granted Plaintiff leave to proceed in forma pauperis (Dkt. [IFP ORDER DKT. NUMBER]), and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Thomas Joseph Goddard (PACER username: *neutrinos*; PACER Account No. 8394159) is **EXEMPTED** from all PACER fees in connection with all cases in which Plaintiff is an active litigant in the Northern District of California, pursuant to the Judicial Conference Electronic Public Access Fee Schedule, Note 4, and 28 U.S.C. § 1915.
2. The outstanding balance on Plaintiff's PACER account (Account No. 8394159) is **WAIVED**. The PACER Service Center shall not require payment of any outstanding balance as a condition of restoring account access.
3. The PACER Service Center is **DIRECTED** to restore full access to Plaintiff's PACER/ECF account (username: *neutrinos*; Account No. 8394159) within **three (3) business days** of the date of this Order.
4. Plaintiff shall continue to be exempted from PACER fees in all federal cases in which Plaintiff proceeds in forma pauperis until further Order of the Court.
5. The Clerk of Court shall transmit a copy of this Order to the PACER Service Center by email at *pacer@psc.uscourts.gov* and by the Court's standard administrative channel.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

SO ORDERED.

Date: ____________________

______________________________

United States District Judge / Magistrate Judge

Northern District of California

## VI. CERTIFICATE OF SERVICE

I, Thomas Joseph Goddard, hereby certify that on April 9, 2026, I served a true and correct copy of this Amended Urgent Motion for PACER Fee Exemption on all parties and/or their counsel of record in the above-captioned action by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

– Counsel of record for APPLE INC., ET AL. at their last known address of record.
– PACER Service Center, P.O. Box 780549, San Antonio, TX 78278 (courtesy copy).

/s/ Thomas Joseph Goddard

Thomas Joseph Goddard

Plaintiff, In Pro Per