TODD K. BOYER, STATE BAR NO. 203132
tboyer@boyerwenter.com
BILLIE D. WENTER, STATE BAR NO. 235193
bwenter@boyerwenter.com
BOYER WENTER LLP
1585 N. 4th Street, Suite N
San Jose, California 95112
Telephone: +1 669-296-0323

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:25-cv-06187-JSC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SET AN EXPEDITED CASE SCHEDULE AND FOR A PRESERVATION ORDER, AND TO SHORTEN TIME**<br><br>Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiff Thomas Goddard asks the Court to set a unilaterally proposed case schedule, issue a preservation order, and decide both requests on shortened time, days before the Initial Case Management Conference. The motion should be denied. Plaintiff cannot show the "substantial harm or prejudice" that Civil Local Rule 6-3(a)(3) requires to justify shortened time when the Case Management Conference – the ordinary vehicle for setting a case schedule – is imminent. The schedule Plaintiff proposes is deficient and should be presented to the Court at that conference, not as an expedited motion. A preservation order is unnecessary because Apple has issued a litigation hold and suspended automated deletion, which Apple's counsel has communicated to Plaintiff during the parties' Rule 26(f) conference. Finally, Civil Local Rule 6-3 is not the proper means for the scheduling and preservation relief Plaintiff seeks.

## II. PROCEDURAL BACKGROUND

The Court's February 9, 2026 Order narrowed this action to three claims against Apple: race discrimination under 42 U.S.C. section 1981, violations of the Fair Credit Reporting Act, and fraud. (Dkt. 74.) Apple answered on March 3, 2026. (Dkt. 92.)

The parties stipulated to continue the Initial Case Management Conference to August 5, 2026, to accommodate defense counsel's unavailability. The parties held their Rule 26(f) conference on July 10, 2026, and are finalizing their Joint Case Management Statement. Plaintiff served written discovery on July 6, 2026.

## III. ARGUMENT

### A. Plaintiff Cannot Show Substantial Harm From Standard Timing.

Civil Local Rule 6-3(a)(3) requires a showing that "substantial harm or prejudice would occur if the Court did not change the time." Plaintiff cannot make that showing. The Initial Case Management Conference is set for August 5, 2026, only days from the filing of this motion. That conference is the standard, court-designated vehicle for entering a Rule 16 scheduling order. *See* Fed. R. Civ. P. 16(b). Plaintiff seeks nothing that the conference cannot address, and the conference will occur almost immediately. The brief gap between the motion and the conference is not substantial harm.

BOYER WENTER LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

Plaintiff identifies two sources of purported urgency: the risk of document destruction and the passage of time since 2023. Neither justifies shortening time. Apple has issued a written litigation hold, identified relevant custodians, and suspended automated deletion. As for the passage of time, Plaintiff filed this lawsuit in July 2025. Plaintiff was unavailable when the case management conference was initially scheduled, and the parties agreed to seek a continuance of the conference until August 5, 2026.

### B. The Expedited Schedule Should Be Addressed at the Case Management Conference.

Plaintiff developed his proposed schedule unilaterally, and he continues to pursue a schedule Apple's counsel informed Plaintiff would not work. The Joint Case Management Statement already sets out the parties' competing positions on scheduling, which the Court can consider in entering a Rule 16 order at or after the conference. The Court should set the schedule after hearing from both parties on August 5, not on Plaintiff's motion filed days before the conference.

Apple opposes the proposed expedited schedule for the reasons set forth in the Joint Case Management Statement. The proposed 120-day fact-discovery period is insufficient for an employment case in which Apple must take depositions, serve written discovery, and obtain third-party records. Further, as Apple's counsel shared during the Rule 26(f) conference, Apple has other previously filed cases with pending trial dates and demands that make an expedited schedule untenable.

The posture of the pleadings is a further reason to defer scheduling to the conference. The case remains at an early stage, with an unsettled complaint, because Plaintiff files serial motions for leave to amend. Despite acknowledging his claims arise from "a single, discrete" failure to hire, Plaintiff continues to attempt to expand his claims in bloated amended complaints. Plaintiff has a pending motion for leave to file a Third Amended Complaint. (Dkt. Nos. 116, 117.) Setting an expedited schedule now before the pleadings are settled invites waste and future scheduling changes.

### C. A Preservation Order Is Unnecessary.

Apple issued a written litigation hold to the custodians reasonably likely to possess information relevant to the surviving claims and suspended automated deletion of those custodians' relevant

BOYER WENTER LLP
1585 N. 4th St, Suite N
San Jose, CA 95112

materials before the Rule 26(f) conference. Defense counsel informed Plaintiff's counsel of the litigation hold during that conference. Plaintiff acknowledges Apple's representations in his own declaration. (Dkt. 120, Decl. para. 4. He offers no specific basis, no document, no communication, and no concrete fact to believe Apple has destroyed or will destroy evidence in violation of its hold. Speculation about possible future noncompliance, untethered to any factual basis, does not warrant a preservation order.

Plaintiff states that he intends to serve a Rule 45 subpoena on HireRight for its records. That subpoena process is the appropriate mechanism for third-party records Apple does not hold. A preservation order directed to Apple cannot reach HireRight.

**D. The Motion Exceeds the Scope of Civil Local Rule 6-3.**

Civil Local Rule 6-3 governs motions to change time. It is not a vehicle for obtaining a substantive scheduling order or a preservation order. Plaintiff uses the shortened-time mechanism to circumvent the Case Management Conference process and to obtain an expedited ruling on the merits of his scheduling request without full briefing. That is procedurally improper. To the extent Plaintiff seeks relief that touches on discovery, Civil Local Rule 37 requires a prior meet-and-confer, and Plaintiff did not confer with Apple about the scope or terms of a preservation order before filing.

///

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

Plaintiff has not shown good cause or substantial prejudice to justify shortened time. The Case Management Conference is imminent, Apple has implemented preservation measures and disclosed them to Plaintiff, and a motion that could reshape the pleadings remains pending. The motion should be denied. Apple will address scheduling, evidence preservation, and any other case management issues at the Initial Case Management Conference on August 5, 2026.

Dated: July 24, 2026

/s/ Billie D. Wenter
BILLIE D. WENTER
TODD K. BOYER
BOYER WENTER LLP
Attorneys for Defendant
APPLE INC.