THOMAS J. GODDARD
thomas@goddard.app
190 Andover Dr.
Vacaville, CA 95687
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:25-cv-06187-JSC

**JOINT CASE MANAGEMENT STATEMENT**

*Fed. R. Civ. P. 16(b), 26(f); Civ. L.R. 16-9*

Judge: Hon. Jacqueline Scott Corley
ICMC: August 5, 2026, 2:00 p.m.
*(continued from July 1, 2026 by stipulation)*

## I. INTRODUCTION

Plaintiff Thomas Joseph Goddard, appearing *pro se* with the assistance of an ADA assistant, and Defendant Apple Inc. ("Apple"), by and through its counsel of record, Boyer Wenter LLP, jointly submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 16, Civil L.R. 16-9, and the Court's Standing Order for All Judges, in advance of the Initial Case Management Conference presently set for **August 5, 2026 at 2:00 p.m.** via Zoom, continued from July 1, 2026 (ECF Nos. 109, 110) on the parties' stipulation to accommodate defense counsel's travel. The parties conducted their conference under Rule 26(f) on July 10, 2026. This statement is filed in compliance with the Court's page-discipline guidance in ECF Nos. 32, 74, and 100.

## II. JURISDICTION & SERVICE

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (claims arising under 42 U.S.C. § 1981 and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*) and supplemental jurisdiction under 28 U.S.C. § 1367 (California common-law fraud). Venue is proper in this District. Defendant has appeared and answered (ECF 92, Mar. 3, 2026). No issues remain regarding personal jurisdiction, venue, or service of process, and no parties remain to be served.

## III. FACTS

*Plaintiff's Statement:* The operative pleading is the Second Amended Complaint (ECF 42). The surviving claims rest on the following facts:

(i) Apple's September 28, 2023 written offer of employment to Plaintiff as a Senior Software Engineer on the Apple Vision Pro team;

(ii) Plaintiff's acceptance and his satisfactory completion of a HireRight background check on October 5, 2023;

(iii) Apple's October 24, 2023 rescission of the offer, communicated through Senior Technical Recruiter John Moultrie, who Plaintiff alleges identified Mike Rockwell (then-Vice President of Apple's Vision Products Group) as the decision-maker; and

(iv) Apple's stated short-tenure rationale, which Plaintiff alleges was pretextual.

ECF 42 ¶¶ 33–40. The Court held these allegations plausibly state claims under § 1981, the FCRA, and common-law fraud. ECF 74 at 10–16.

*Defendant's Statement:* Apple denies liability and disputes Plaintiff's characterization of the offer, the background check, and the reasons for the rescission. Apple's position is that its October 2023 decision to rescind Plaintiff's employment offer rested on legitimate, nondiscriminatory business reasons and was not motivated by Plaintiff's race, religion, or any other protected characteristic. Apple complied with all applicable requirements of the Fair Credit Reporting Act and made no fraudulent misrepresentation to Plaintiff. Apple denies that any consumer report was the basis for the rescission in the manner Plaintiff alleges, denies that any Apple decision-maker harbored discriminatory animus, and denies Plaintiff's account of the internal decision process. Apple's factual positions will be developed through discovery, and Apple reserves the right to supplement this statement as the record develops.

## IV. LEGAL ISSUES

The parties dispute, among others, the following principal legal issues:

(1) Whether Apple's stated reason for rescinding the offer was pretextual, and whether race was a but-for cause of the rescission under *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 340–41 (2020), and *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000);

(2) Whether the October 24, 2023 rescission was an adverse action "based in whole or in part on" a consumer report within 15 U.S.C. §§ 1681b(b)(3), 1681m;

(3) Whether Plaintiff can establish each element of California fraud, including knowledge of falsity and intent to induce reliance, to the Rule 9(b) standard; and

(4) The admissibility at trial of the IRC-channel evidence (2005–2009) under Fed. R. Evid. 404(b)(2) and 406.

*Defendant's Statement:* Apple contends that the surviving claims are narrow and factually discrete and that Apple's legitimate, nondiscriminatory reason for the rescission defeats the § 1981 claim; that Plaintiff cannot establish an FCRA violation because Apple

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

complied with the statute's notice requirements and no qualifying adverse action based on a consumer report occurred as alleged; and that the fraud claim fails for want of a false statement of material fact, knowledge of falsity, justifiable reliance, and resulting damage. Apple further contends that the 2005–2009 IRC-channel material is inadmissible under Federal Rules of Evidence 401, 403, and 404(b), and Apple reserves all affirmative defenses asserted in its Answer and any additional defenses that discovery may reveal.

## V. MOTIONS

**Prior motions.** Apple's motion to dismiss the Second Amended Complaint was granted in part and denied in part (ECF 74); Apple answered the SAC (ECF 92); and Plaintiff's early-discovery motions were denied as premature (ECF 100). The parties stipulated to continue the Initial Case Management Conference from July 1 to August 5, 2026.

**Pending and anticipated motions.** Concurrently with this statement, Plaintiff has filed (1) a **Motion for Leave to File a Third Amended Complaint** (Dkt. 116), which Apple opposes, and (2) a **Motion to Set an Expedited Case Schedule and for a Preservation Order, and to Shorten Time** (Dkt. 120; Fed. R. Civ. P. 16(b); Civ. L.R. 6-3), which Apple opposes (see Discovery, below). The parties further anticipate that they may file discovery motions (including motions to compel), motions *in limine*, and motions for summary judgment under Rule 56.

*Defendant's Statement:* Apple anticipates that it will move for summary judgment on each of the three surviving claims at the close of fact discovery.

## VI. AMENDMENT OF PLEADINGS

*Plaintiff's Statement:* Plaintiff has moved for leave to file a Third Amended Complaint (Dkt. 116), which is pending before the Court. If that motion is denied, the case will proceed on the three claims that survived the motion to dismiss (§ 1981; FCRA; common-law fraud). Plaintiff proposes that any deadline to seek leave to amend the pleadings or add parties be set at 30 days after the Initial Case Management Conference.

*Defendant's Statement:* Apple opposes any further amendment of the complaint. Apple

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

does not intend to amend its responsive pleading to the operative Second Amended Complaint, opposes the addition of any new claims or parties, and contends that leave to amend — including to reassert claims the Court dismissed without leave — would be futile. To the extent the Court sets a deadline for amendment, Apple proposes that any motion for leave to amend the pleadings or to add parties be filed no later than thirty (30) days after the Initial Case Management Conference.

## VII. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

*Plaintiff's Statement:* Plaintiff has preserved and continues to preserve his contemporaneous records of communications with Apple personnel (including the September 2023 offer letter and the October 24, 2023 rescission), his correspondence with recruiters John Moultrie and Kevin Smith, and (to the extent recoverable) the 2005–2009 IRC channel logs referenced in the SAC. On June 18, 2026, Plaintiff served Apple with a written evidence-preservation/ litigation-hold demand.

*Defendant's Statement:* Apple has issued a written litigation hold to the custodians reasonably likely to possess information relevant to the surviving claims, has suspended any automated deletion applicable to those custodians' relevant materials, and has taken reasonable and proportionate steps to preserve relevant documents and electronically stored information. The parties will continue to meet and confer regarding the scope of preservation and an ESI protocol consistent with the ESI Guidelines and the proportionality standard of Rule 26(b)(1).

## VIII. DISCLOSURES

*Plaintiff's Statement:* **Plaintiff served his Rule 26(a)(1) initial disclosures on June 19, 2026**, in advance of the Rule 26(f) conference. Plaintiff's disclosures identify individuals with discoverable information (including Messrs. Moultrie, Smith, and

Rockwell, members of the Vision Pro interview team, and Apple HR personnel involved in the rescission), the categories of documents in his possession, and a computation of damages, subject to supplementation under Rule 26(e). Plaintiff has already provided the HireRight background-check report and many other documentary exhibits, and only ministerial tasks remain to complete his production.

*Defendant's Statement:* The parties agreed that Apple will serve its initial disclosures under Rule 26(a)(1) on August 17, 2026. Apple will identify the individuals then known to it that it may use to support its defenses, the categories of documents in its possession, custody, or control that it may use to support its defenses, and its positions on damages and insurance, subject to supplementation under Rule 26(e).

## IX. DISCOVERY

**Discovery taken to date.** The parties held their Rule 26(f) conference on July 10, 2026, and discovery is now open under Rule 26(d)(1). Plaintiff served his Rule 26(a)(1) initial disclosures on June 19, 2026, and has served Defendant with his First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission. Defendant has not yet served written discovery.

**Plaintiff's request for expedited discovery.** Plaintiff respectfully requests that the Court set an **expedited discovery schedule**. Good cause supports expedition:

(i) the surviving claims arise from a single, discrete hiring episode — Apple's September 28, 2023 offer and its October 24, 2023 rescission — so the relevant facts are narrow and the universe of documents is small;

(ii) Plaintiff's documentary evidence is **already fully assembled, organized, and production-ready** — Plaintiff has **already served his Rule 26(a)(1) initial disclosures (June 19, 2026)** and provided the HireRight background-check report (the central FCRA document) and numerous other supporting exhibits, so that only ministerial tasks remain to complete his production — and Plaintiff has already served his first sets of document requests, interrogatories, and requests for admission;

(iii) the operative events occurred in 2023, and prompt discovery will secure

testimony and records before further attrition of memory or documents; and (iv) Plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915) and *pro se*, and a compressed schedule proportionate to these narrow claims (Fed. R. Civ. P. 26(b)(1)) will conserve the parties' and the Court's resources and avoid the disproportionate burden a prolonged schedule would impose on Plaintiff. Plaintiff proposes the expedited schedule set forth in the Scheduling section below and is prepared to proceed on any shorter timeline the Court directs. Plaintiff asked Apple to stipulate to an expedited schedule; **Apple declined**. Plaintiff has therefore moved, concurrently with this statement, for an order setting an expedited case schedule, directing preservation of evidence, and shortening time under Fed. R. Civ. P. 16(b) and Civil L.R. 6-3, and respectfully refers the Court to that motion.

**Defendant's position on expedited discovery.** Defendant opposes any request to expedite discovery or the case schedule. The Federal Rules of Civil Procedure should provide the procedures and deadlines for discovery.

*Plaintiff's proposed scope.* Plaintiff proposes discovery narrowly tailored to the surviving claims, including:

(a) documents concerning the September 2023 offer and October 24, 2023 rescission, the HireRight report and Apple's treatment of it, Apple's internal communications about Plaintiff's candidacy and the rescission, Mr. Rockwell's related communications and records, comparable Vision Pro hiring decisions in the relevant period, and the personnel files of Messrs. Rockwell, Moultrie, and Smith;

(b) depositions of Messrs. Rockwell, Moultrie, and Smith and a Rule 30(b)(6) Apple designee on the rescission and HireRight workflow; and

(c) interrogatories and requests for admission addressing the rescission decision and the role of the background check. Plaintiff seeks no discovery beyond the employment incident on which the surviving claims rest.

**Proposed limits.** The parties propose the presumptive limits of the Federal Rules (Rule 30(a)(2)(A) — 10 depositions per side; Rule 33(a)(1) — 25 interrogatories per side), subject to modification for good cause.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**ESI and format.** The parties will meet and confer on an ESI protocol and propose production in [native/searchable PDF] format with agreed metadata fields.

**Electronic service.** Plaintiff proposes that the parties stipulate to service of discovery and all other papers by electronic mail under Fed. R. Civ. P. 5(b)(2)(E).

*Defendant's Statement:* Apple agrees that discovery is now open and that the Federal Rules should govern. Apple opposes Plaintiff's request for an expedited schedule. The presumptive pretrial intervals afford the time reasonably necessary to complete fact and expert discovery and to prepare and hear dispositive motions in an employment case of this kind, and no good cause supports compression. Apple further contends that several categories of discovery Plaintiff describes exceed the scope of the three surviving claims; in particular, discovery into matters beyond the September–October 2023 hiring episode and personnel files untethered to the rescission decision. Apple reserves the right to object to such discovery and to seek a protective order under Rule 26(c). Apple proposes that the parties be directed to submit a stipulated protective order and, if the parties cannot agree, that the Court enter one. Apple does not propose changes to the presumptive limits of the Federal Rules.

## X. CLASS ACTIONS

This action is not a class action.

## XI. RELATED CASES

*Plaintiff's Statement:* Plaintiff identifies *Goddard v. Slickdeals, LLC*, N.D. Cal. No. 3:26-cv-01039-JSC (reassigned to this Court), as a separately pending action involving the same plaintiff but a different defendant and an arguably related set of facts. Plaintiff takes no position on relation or consolidation at this time.

*Defendant's Statement:* Apple is aware of *Goddard v. Apple Inc.*, Alameda County Superior Court No. 25CV162300, which Plaintiff filed but has not served on Apple. Apple takes no position on relation at this time and reserves its rights regarding that action.

## XII. RELIEF

*Plaintiff's Statement:* Plaintiff seeks back pay, front pay, compensatory damages for emotional distress, punitive damages, declaratory relief, reasonable attorney's fees and costs, and pre-judgment interest, on the three surviving claims (§ 1981; FCRA; fraud). A specific damages computation will be provided in Plaintiff's Rule 26(a)(1) disclosures.

*Defendant's Statement:* Apple denies that Plaintiff is entitled to any relief and disputes the categories and computation of damages Plaintiff asserts, including the valuation of the rescinded offer and any claim for punitive damages. Apple reserves all arguments regarding the availability, measure, and offset of any damages.

## XIII. SETTLEMENT & ADR

Plaintiff filed an ADR Certification (ECF 33) electing **private mediation** under ADR L.R. 6. Plaintiff is amenable to early mediation and proposes that the parties complete a private mediation within ninety (90) days of the ICMC, or at such other time as the Court orders. The parties have discussed, or will discuss at the Rule 26(f) conference, the prospects for settlement and the appropriate ADR process and timing.

*Defendant's Statement:* Apple is willing to consider a settlement conference before a magistrate judge not assigned to preside over discovery disputes. Apple believes that a settlement conference will be most productive after the parties have exchanged initial written discovery and key documents and proposes that the parties complete a private mediation or magistrate settlement conference within one hundred fifty (150) days of the Initial Case Management Conference or at such other time as the Court directs.

## XIV. CONSENT TO MAGISTRATE JUDGE

The case is assigned to the Honorable Jacqueline Scott Corley. Plaintiff has previously declined to consent to magistrate-judge jurisdiction for all purposes including trial; that declination does not preclude continued case-management proceedings before the assigned Judge.

*Defendant's Statement:* Apple does not believe a reference under 28 U.S.C. § 636(c) is necessary at this time.

## XV. OTHER REFERENCES

The parties do not at this time request reference to a special master, binding or non-binding arbitration, or the Judicial Panel on Multidistrict Litigation.

## XVI. NARROWING OF ISSUES

The Court's Order (ECF 74) substantially narrowed the issues: of the causes of action in the operative SAC, three proceed to discovery (§ 1981; FCRA; fraud) and the remainder were dismissed without leave to amend. The parties will continue to confer regarding further narrowing or stipulation of undisputed facts as discovery progresses.

*Defendant's Statement:* Apple contends that the case does not warrant a complex designation.

## XVII. EXPEDITED TRIAL PROCEDURE

The parties do not request the Expedited Trial Procedure of General Order 64 at this time.

## XVIII. SCHEDULING

The parties' competing proposals are set forth below. Plaintiff proposes an expedited schedule for the reasons stated in the Discovery section. Apple proposes a schedule consistent with the presumptive pretrial intervals for an employment case of this kind.

| Event | Plaintiff's Proposal | Apple's Proposal |
|---|---|---|
| Deadline to seek leave to amend pleadings or add parties | 30 days after the ICMC | 30 days after the ICMC |
| Fact-discovery cut-off | 120 days after the ICMC | July 23, 2027 |
| Initial expert disclosures (Rule 26(a)(2)) | 21 days after the fact-discovery cut-off | June 18, 2027 |
| Rebuttal expert disclosures | 21 days after initial expert disclosures | July 16, 2027 |
| Expert-discovery cut-off | 30 days after initial expert disclosures | Aug. 20, 2027 |
| Dispositive-motion filing cut-off | 30 days after the expert-discovery cut-off | May 27, 2027 (hearings to be set consistent with the Court's civil calendar) |
| Final pretrial conference | 30 days after the ruling on dispositive motions | Sept. 24, 2027 |
| Trial | The Court's earliest convenience | Oct. 25, 2027 |

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**XIX. TRIAL**

Plaintiff has demanded trial by jury. Plaintiff estimates the trial will require approximately 5–7 court days.

*Defendant's Statement:* Apple estimates that a jury trial will require no more than three court days and reserves the right to revise that estimate as the claims and defenses are developed through discovery.

**XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Plaintiff's Statement:* Pursuant to Civil L.R. 3-15, Plaintiff certifies that he is aware of no entity or person (other than the named parties) who has a financial interest in the subject matter in controversy or in a party to the proceeding.

*Defendant's Statement:* Pursuant to Civil L.R. 3-15 and Federal Rule of Civil Procedure 7.1, Apple Inc. states that it has no parent corporation and that no publicly held corporation owns ten percent or more of its stock. Apple is aware of no other person or entity that has a financial or other interest in this proceeding of the kind described in Civil L.R. 3-15.

**XXI. PROFESSIONAL CONDUCT**

The parties have reviewed the Court's Standing Order and the Guidelines for Professional Conduct in the Northern District of California and will conduct this litigation consistent with them.

**XXII. OTHER MATTERS**

*Plaintiff's Statement:* Plaintiff is a person with a qualifying disability and prepares his filings with the assistance of an ADA assistant. *See Tennessee v. Lane*, 541 U.S. 509, 531–34 (2004); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff respectfully requests that the Court excuse any inadvertent error in format or local-rule technicality.

*Defendant's Statement:* Apple raises no additional matters at this time.

**Attestation (Civ. L.R. 5-1(i)(3)).** The filer of this document attests that concurrence in its filing has been obtained from the other signatory, as reflected by the conformed "/s/" signature below.

Dated: July 28, 2026

/s/ Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

Dated: July 28, 2026

/s/ Billie D. Wenter
BILLIE D. WENTER (SBN 235193)
BOYER WENTER LLP
Attorneys for Defendant Apple Inc.

## XXIII. CERTIFICATE OF SERVICE

I, Thomas Joseph Goddard, certify that on the date of filing identified on the ECF docket I caused the foregoing *Joint Case Management Statement* to be filed electronically with the Clerk of the Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel of record registered to receive electronic notice (including counsel for Defendant Apple Inc., Boyer Wenter LLP), and that a true and correct copy was served by electronic mail on each appearing party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Vacaville, California.

Dated: July 28, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se