THOMAS J. GODDARD
thomas@goddard.app
190 Andover Dr.
Vacaville, CA 95687
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:25-cv-06187-JSC

**FOURTH AMENDED NOTICE OF MOTION & RENEWED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

[Fed. R. Civ. P. 15(a)(2); Civ. L.R. 7-2; Dkt. No. 100]

Date: **September 10, 2026**
Time: 10:00 a.m.
Place: Courtroom 08, 19th Floor / Video
Hon. Jacqueline Scott Corley

**TO DEFENDANT APPLE INC. & ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on **September 10, 2026** at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley, Plaintiff Thomas Joseph Goddard will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's April 6, 2026 Order (Dkt. No. 100), for leave to file the proposed Third Amended Complaint submitted herewith. This renewed motion supersedes Plaintiff's prior motions at Docket Nos. 80 and 87, and is refiled in compliance with the Court's April 6, 2026 Order, which struck the prior motion "without prejudice to Plaintiff's refiling a motion which complies with the Local Rules' page limits." (Dkt. No. 100 at 2.) The motion is based on this Notice, the following Memorandum of Points and Authorities, the proposed Third Amended Complaint lodged herewith, the separately attached exhibits, the pleadings and records on file, and any further argument the Court may permit.

## I. STATEMENT OF ISSUES PRESENTED

Whether the Court should grant leave under Rule 15(a)(2) to file a Third Amended Complaint that

(1) complies with every specification of the Court's April 6, 2026 Order — 97 pages (under the 100-page limit), with core exhibits clearly cited and separately attached;

(2) pleads *only* the three claims this Court sustained in its February 9, 2026 Order (42 U.S.C. § 1981, FCRA, and fraud); and (3) removes all dismissed claims and the surplus allegations the Court has criticized.

## II. MEMORANDUM OF POINTS & AUTHORITIES

### A. Background & Compliance With the Court's Orders

On February 9, 2026, the Court denied Apple's motion to dismiss Plaintiff's 42 U.S.C. § 1981, FCRA, and fraud claims, dismissed the Title VII and IIED claims without leave to amend, and dismissed the UCL claim without prejudice to state court. (Dkt. No. 74.) On April 6, 2026, the Court struck Plaintiff's prior motion for leave to file a third amended complaint because the motion exceeded Civil Local Rule 7-2(b)'s 25-page

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

limit and attached a 3,274-page proposed pleading — but did so "without prejudice to Plaintiff's refiling a motion which complies with the Local Rules' page limits," and directed that any proposed third amended complaint "may not exceed 100 pages" with exhibits "clearly cited within the complaint and each included as a separate attachment." (Dkt. No. 100 at 2.)

Plaintiff files this Fourth Amended Notice of Motion solely to correct the version filed July 17, 2026 (Dkt. No. 116), which inadvertently issued with unfilled drafting placeholders in the meet-and-confer sentence and an internally inconsistent page reference to the proposed pleading. No argument, claim, or request for relief has changed. The proposed Third Amended Complaint lodged herewith is likewise unchanged in substance; its exhibit citations have been conformed to the exhibits actually submitted, and citations to withdrawn exhibits have been removed so that no allegation rests on a document not before the Court. This filing supersedes Dkt. No. 116, which Plaintiff asks the Court to disregard. Because the motion has been pending since July 17, 2026 and Apple has already stated its opposition (Dkt. No. 123 at 9), Plaintiff does not seek to delay resolution: the hearing date above is noticed solely to satisfy Civil L.R. 7-2(a), and Plaintiff has no objection to the Court deciding the motion on the papers under Civil L.R. 7-1(b) or taking it up at the August 19, 2026 initial case management conference.

This renewed motion complies with each directive:

(1) **The motion** is under 25 pages. Civ. L.R. 7-2(b).

(2) **The proposed Third Amended Complaint** is **97 pages** — within the Court's 100-page limit. (Dkt. No. 100 at 2.)

(3) **Exhibits** are clearly cited within the proposed pleading and are each submitted as a separate attachment to this docket entry; all other record materials are incorporated by reference under Rule 10(c) to the exhibits already filed with the operative complaint (Dkt. No. 42).

(4) **No redline is practicable** for a pleading reduced from 3,274 pages to 97; in its place, Plaintiff provides the Summary of Changes in Section IV below, which

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

identifies every category of removed and retained material.

### B. Legal Standard

Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is properly denied only for undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).

### C. Every *Foman* Factor Favors Leave

**No futility.** The proposed pleading adds no new claims and no new defendants. It pleads *only* the three causes of action this Court has already held "plausibly alleged" and sustained against Apple's motion to dismiss: race discrimination under 42 U.S.C. § 1981 (Twelfth Cause of Action), FCRA violations (Thirteenth), and fraud (Sixteenth). (Dkt. No. 74 at 10–16.) A pleading confined to claims that have already survived Rule 12(b)(6) cannot be futile.

**No prejudice.** The amendment *narrows* the case. It deletes the dismissed Title VII, IIED, and UCL claims; deletes the previously proposed state-law and statutory add-on claims; removes the surplus allegations and 3,000-plus pages of attached exhibits the Court found inconsistent with Rule 8; and conforms the operative pleading to the Court's February 9, 2026 Order. Apple answered the Second Amended Complaint on March 3, 2026 (Dkt. No. 92), the parties held their Rule 26(f) conference, and fact discovery is only now commencing — Apple can answer a shorter, narrower pleading with minimal burden, and no schedule is disturbed.

**No undue delay or bad faith.** This motion is filed promptly after the Court's April 6, 2026 roadmap and the parties' Rule 26(f) conference, and in advance of the continued case management conference. The parties conducted their Rule 26(f) conference on **July 10, 2026**, at which Plaintiff raised the proposed amendment and sought Apple's stipulation under Rule 15(a)(2). Apple opposes the motion. (Dkt. No. 123 at 1, 9 (joint

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

statement: the Motion for Leave to File a Third Amended Complaint is one "which Apple opposes").)

**No repeated failure to cure.** Unlike the prior proposals, this pleading cures precisely the deficiencies the Court identified: it is 97 pages, not 2,183 or 3,274; it attaches no exhibit compilation; it does not re-plead any claim dismissed without leave; and it abandons the allegations the Court found could not state a claim.

### D. Summary of Changes (In Lieu of Redline)

**Retained and conformed** — with all supporting detail, footnotes, and authority: the three sustained claims (§ 1981; FCRA; fraud), the factual allegations supporting them (the September 28, 2023 offer and acceptance; the October 24, 2023 rescission; Mike Rockwell's documented statements and decision-making role; the HireRight background-check allegations; the October 2024 re-recruitment; pattern and statistical evidence), the damages allegations, and the prayer.

**Removed**:

(a) the Title VII and IIED claims dismissed without leave to amend, and the UCL claim (preserved for state court);

(b) all previously proposed additional causes of action;

(c) the 3,274-page exhibit attachment, replaced by clearly cited, separately attached core exhibits and Rule 10(c) incorporation;

(d) the embedded memorandum of points and authorities and duplicative certificates; and

(e) surplus allegations concerning non-parties and matters outside the three sustained claims.

### E. Why Leave Serves Justice

Granting leave gives the parties and the Court a single, clean operative pleading limited to the claims actually in the case — simplifying the answer, the case management statement, discovery objections, and any Rule 56 motion. Denying leave would leave the operative pleading (Dkt. No. 42) cluttered with dismissed claims and the very surplusage

the Court has twice criticized. Justice favors the shorter, conforming pleading. *See* Fed. R. Civ. P. 1, 8(a)(2), 15(a)(2).

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file the proposed Third Amended Complaint lodged herewith, deem it the operative pleading upon filing, and direct Apple to answer within the time set by Rule 15(a)(3).

Dated: August 6, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

# [PROPOSED] ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT

Having considered Plaintiff's Renewed Motion for Leave to File a Third Amended Complaint, the proposed pleading lodged therewith, and the record, and good cause appearing:

1. The motion is **GRANTED**. The proposed Third Amended Complaint complies with the Court's April 6, 2026 Order (Dkt. No. 100): it does not exceed 100 pages, pleads only the claims sustained by the Court's February 9, 2026 Order (Dkt. No. 74), and submits its exhibits as separate, clearly cited attachments.
2. The Clerk shall file the Third Amended Complaint as the operative pleading.
3. Defendant Apple Inc. shall respond within fourteen (14) days of service. Fed. R. Civ. P. 15(a)(3).

Dated: ____________________

____________________________
JACQUELINE SCOTT CORLEY
United States District Judge

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.